## No. 6103.

### John Kerwin et al. vs. Hibernia Insurance Company.

This is a suit in injunction restraining the defendants from interfering with the plaintiffs in the possession and enjoyment of a certain piece of property alleged to be inherited from their father and for judgment annulling a certain act of mortgage illegally granted thereon by their mother, and also annulling the sale of said property by the sheriff to the defendants, perpetuating the injunction, decreeing the said property to belong to plaintiffs and to be exempt from execution for debt as their homestead, and for one thousand dollars damages.

The defendants rely on a clause in the original act of purchase of said property by Mrs. Honora Kerwin, authorized and assisted therein by her husband, the father of the plaintiff heirs, in the following words: "The said Mrs. Kerwin declared that she makes the present purchase with her own funds, which she acquired from her late father and mother, and with a portion of which she has paid the hereinbefore mentioned purchase-price, and is to pay at their respective maturities the notes herein granted and described. Wherefore, the property herein sold is to be and remain her paraphernal property."

Articles 2236 and 2238 of the Code do not apply here. In this case the claim invoked is not an agreement between the vendor and vendee, but simply an acknowledgment by the husband and wife as between themselves. Agreements or acknowledgments between husband and wife are restricted in their effect and operation to specific subjects, and the one in this case can at most be only a commencement of proof, and the heirs of the husband are not estopped from questioning it as they might be if the acknowledgment was in favor of any one other than his wife.

The authorities cited by the defendants do not apply to this particular acknowledgment of the father in regard to the paraphernal rights of his wife, which are fixed and regulated by special laws. Could such declarations be conclusive against the heirs of either spouse, it would be an easy matter to change the rights of succession and the character of separate and community property.

As to inconsistent and contradictory allegations in the petition, if there be such, the right of the defendants is to require plaintiffs to elect or to object to evidence at the right time, but not to dismiss the suit. If the allegations of the petition be true, there is a sufficient cause of action, and the heirs of the father should have an opportunity to try the issues presented. Wherefore, the case is remanded.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *B. R. Forman*, for plaintiffs and appellants. *T. Gilmore & Sons*, for defendant and appellee.

HOWELL, J. John Kerwin and Kate Kerwin, major heirs of Michael

Kerwin vs. Hibernia Insurance Company.

Kerwin, in their own behalf and in behalf of their minor brothers and sisters, five in number, and of their mother, Honora Mansfield, who is alleged by them to be of unsound mind and incapable of taking care of herself, and the said Honora Mansfield, individually and as tutrix of said minors, allege the marriage of the father and mother, the death of the former, the community of acquests and gains between them, the purchase by the father during the marriage of a certain piece of property in the name of his wife, but with his own means, which became the property of the community, and was inherited by his children, their mother, in a lucid interval, having renounced the community; the application on her behalf of the mother for letters of administration, but its abandonment when the attorney became aware of her notorious insanity; the homestead character of said property; the seizure and sale thereof by the Hibernia Insurance Company of New Orleans upon a writ issued from the Sixth District Court for the parish of Orleans on a pretended mortgage executed in favor of said insurance company in 1873 by the said Honora Mansfield, who was then notoriously insane and incapable of giving consent, and was ignorant of the contents of said act of mortgage; the sale, for an insignificant sum, of said property, which never belonged to said Honora Mansfield, nor did she ever receive the money for which the said mortgage appears to have been executed; the continued possession by the plaintiffs, heirs of their father, of said property; the want of jurisdiction of the said Sixth District Court to issue the writ of seizure and sale; the threats of the insurance company and the civil sheriff to forcibly eject plaintiffs from their possession; the slander of their title and damage to them; and they pray for an injunction restraining the defendants from interfering with them in the possession and enjoyment of their said property, and for judgment annulling the said act of mortgage and the sale of said property by the sheriff to the insurance company, perpetuating the injunction, decreeing said property to belong to the heirs of Michael Kerwin, and exempt from execution for debt as their homestead, and for one thousand dollars damages.

The Hibernia Insurance Company moved to dissolve the injunction on the grounds:

First—The court is without jurisdiction.

Second—The matters alleged in the petition are *res judicata*, the plaintiffs having previously applied to the Sixth District Court, where the executory proceedings took place, for an injunction, on the same grounds, which was refused.

Third—The allegations of the petition do not warrant the issuance of the writ.

Fourth—The bond and security are insufficient, and not such as the law requires.

An exception was also filed on the grounds:

First—The court has no jurisdiction.

Second—If it had, there is pending in the Sixth District Court a suit for the same cause of action.

Third—And if the court has jurisdiction, the petition sets forth no sufficient cause of action.

Fourth—The allegations of the petition are inconsistent and contradictory.

Fifth—Mrs. Kerwin can not be heard to allege her own insanity.

In case said exceptions are overruled, the answer is made setting up the purchase at sheriff's sale, and a special denial of the invalidity of the mortgage.

The exceptions and rule were tried together, the injunction was dissolved, the exception sustained, and the suit dismissed. The plaintiffs appealed.

We think the record does not sustain the judgment. The insurance company relies on a clause in the act of purchase by Mrs. Honora Kerwin, authorized and assisted therein by her husband, the father of the plaintiff heirs, in the following words: "The said Mrs. Kerwin declared that she makes the present purchase with her own funds, and which she acquired by inheritance from her late father and mother, and with a portion of which she has paid the hereinbefore-mentioned purchase price, and is to pay at their respective maturities the notes herein granted and described. Wherefore, the property herein sold is to be and remain her paraphernal property."

It is urged that as the husband and father, who signed the said act, could not question the truth of the above enunciation, acknowledgment, and recital, the plaintiffs, his heirs, can not do so, and articles 2236, 2238, 5 An. 367, 9 An. 242, and other authorities, are cited. The articles of the Code cited are to the effect that an authentic act is full proof of the *agreement* contained in it against the contracting parties and their heirs and assigns, unless it be declared and proved a forgery, and is proof of enunciations therein, provided they have a direct reference to the disposition; enunciations foreign to the disposition can serve only as a commencement of proof.

In this case the clause invoked is not an agreement between the vendor and vendee, but simply an acknowledgment by the husband and wife, as between themselves, which is foreign to the disposition in the act of sale, and is not conclusive in favor of or against any one. Agreements or acknowledgments between husband and wife are restricted in their effect and operation to specific subjects, and the one in this case can, at most, be only a commencement of proof, and the heirs of the husband are not estopped from questioning it, as they might be if the acknowl-

Kerwin vs. Hibernia Insurance Company.

edgment was in favor of any one other than his wife. The vendor had no concern about the source from which the funds were derived, a question confined only to the husband and wife, and which, by our law relative to marital rights, is taken out of the rule invoked by the defendant. The authorities cited by the defendant do not, in our opinion, apply to this particular acknowledgment of the father in regard to the paraphernal rights of his wife, which are fixed and regulated by special laws. Could such declarations be conclusive against the heirs of either spouse, it would be an easy matter to change the rights of succession and the character of separate and community property.

As to the other grounds of the motion and exception, it need only be said that the action is not one enjoining the execution of a writ issued from the Sixth District Court, but to annul the act of mortgage and the sale made under it. There is no suit pending in said court, nor is the action *res judicata*. The petition for injunction, it is true, was filed, but the court refused to issue the injunction, and the defendant was not cited.

As to inconsistent and contradictory allegations, if there be such, the right of the defendant is to require plaintiffs to elect or to object to evidence at the right time, but not to dismiss the suit. Whether Mrs. Kerwin can be heard or not to allege her own insanity, it does not prevent the other plaintiffs from doing so.

We think, if the allegations of the petitions be true, there is a sufficient cause of action, and the heirs of the father should have an opportunity to try the issue presented. There is no evidence as to the surety on the bond.

It is therefore ordered that the judgment appealed from be reversed, the motion and exceptions overruled, and the case remanded to be proceeded in according to law, appellees to pay costs of appeal.