(38 South. 148.)

No. 15,371.

HICKS CO., Limited, v. THOMAS (THOMAS, Intervener).

(Feb. 27, 1905.)

ATTACHMENT—CLAIM BY THIRD OPPONENT—
PLEADING—INSOLVENCY OF DEBTOR.

1. Plaintiff obtained a writ of attachment, and had property seized, as belonging to defendant, which the latter's wife claimed by third opposition.

2. In answer to the third opposition, plaintiff attacked third opponent's title on the ground of fraud and undue preference, on the part of the husband, in favor of his wife, under Act No. 46, p. 65, of 1886, which authorizes the seizing creditor, in his answer to the third opposition, to allege and prove opponent's title fraudulent.

3. The action was, in character, revocatory, and without the essential allegation and proof to sustain such an action, without which such an action cannot be maintained.

4. The court's action in rejecting plaintiff's demand is maintained, and the right is reserved to plaintiff to institute suit to assert right, if any it has.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by the Hicks Company, Limited, against J. Thomas. Judgment for plaintiff, and E. E. Thomas intervened. From a judgment for intervener, plaintiff appeals. Affirmed.

Herndon & Herndon, for appellant. David Thompson Land (Alexander & Wilkinson, of counsel), for appellee.

BREAUX, C. J. Plaintiff sued defendant on a claim it held against him, and at the same time obtained a writ of attachment against defendant on the ground that he was giving an unfair preference to some of his creditors, and illegally disposing of his property.

The property attached consisted of mules, horses, wagons, scrapers, and other implements, usually termed a "grading outfit."

Judgment was rendered for plaintiff, and in this judgment the rights of defendant's wife, Mrs. E. E. Thomas, intervener, were reserved to be passed on later in the proceedings.

Between plaintiff and defendant there is no issue before the court.

Prior to the date of the judgment rendered in favor of plaintiff, Hicks Company, Limited, against her husband, J. Thomas, she (Mrs. E. E. Thomas) intervened, and claimed the property under a written sale of date November 24, 1903, which property had been attached and seized at the instance of plaintiff.

She averred that she has always been in possession of the property since the date of the sale.

The other facts of the case will be stated in discussing the issues.

We may as well state at this time that the weight of the testimony proves that she, the wife, was in possession as alleged, and that she paid the purchase price of the property. The evidence also sustains her contention that she had received property by inheritance, and from other sources, more than enough to pay the purchase price.

On the 17th of January, 1903, she obtained a judgment in the district court of Caddo parish against her husband, dissolving the community and authorizing her to carry on

business in her own name—an authorization she was not slow in availing herself of.

After she obtained this judgment she was the owner of a store and had a dairy. She also owns a farm.

We infer that she was an active and lively member of the family. She bought goods in her own name, and merchandise, from plaintiff, the Hicks Company, and other commercial firms. She testified that she was "the business man" of the farm she owned.

It is in place to state that the Quigley Construction Company had bought the property making up the outfit in question from J. Thomas, the defendant, on the 25th day of April, 1903, and that on the 24th day of November of the same year this company sold and delivered the property to Mrs. E. E. Thomas.

In the contract of sale the vendor, the said Quigley Company, and Mrs. Thomas agreed upon the price for the property, which, if she failed to pay as agreed upon, then the amount paid on the price was to be credited on the contract as rental.

### Jurisdiction Ratione Materiæ.

The counsel for Mrs. E. E. Thomas argue at some length that this court is without jurisdiction by reason of the fact that the value of the property claimed by her is less than the lower limit of this court's jurisdiction, that her demand is separate and distinct, and that the value of her property is the test of the jurisdiction.

Counsels' contention is that Mrs. Thomas, by obtaining the possession of the property attached, under authority of Act·No. 51, p. 92, of 1876, and by furnishing bond in the amount fixed by the lower court at one-half of the value of the property attached, furnished a basis to determine that the value of the property was not within the lower limit of this court's jurisdiction.

This, in our view, is not the exclusive criterion of the value of the property. There is other evidence in regard to value which is direct. It is the uncontradicted verbal testimony. It leaves no doubt in regard to the value of this property as being over $2,000.

### On the Merits.

The evidence, beyond question, shows that the defendant, J. Thomas, sold the property in controversy to Quigley & Co.; that this firm paid the price.

The property was delivered to the buyer. The price was $1,100 paid, and the further consideration, the deed stated, of the advantage to be gained by the vendor, J. Thomas, in a contract it enabled him to obtain for doing certain grading for the seller, Quigley & Co., who are contractors to build roads.

To enable Thomas, the buyer, to prosecute the work under this contract, the mules were let to him for a stated rental per month.

It appears that he stipulated an option under which, after the lapse of a certain time, and for a stated price, he was to buy the outfit.

At the expiration of the time, he, the evidence states, was unable to buy. His wife, Mrs. E. E. Thomas, came forward, and, according to the deed, became the owner.

We are not going further than to state that she had the means to buy, and there is testimony of her having bought with her paraphernal funds.

It may be that the transaction was shady, although there is testimony to sustain the two sales in question as real and for a valid consideration.

She, being separate in property, unquestionably had the right to buy, and she bought, and, if the papers she held and the testimony in her support are to be taken as true, she did buy, but became the owner under circumstances, we must say, that are somewhat peculiar.

There are grounds to set aside the sales which are supported by jurisprudence.

We have seen that Quigley & Co. was the

vendor in the sale to defendant's wife. Plaintiff, in the answer to the wife's third opposition, claiming the property, charges that she "entered into a fraudulent conspiracy with her husband, J. Thomas, to defraud his creditors, and especially your respondent."

This answer filed by Hicks Company, plaintiff in suit, defendant in answer to the third opposition of Mrs. E. E. Thomas, was filed under authority of Act No. 46, p. 65, of 1886, which is an "open door" in a defense against opposition to demand of the asserted owner. If the defendant fails to prove all that is needful in his attacks, it is not because of any rule too restrictive.

The attack was on the ground of fraud.

It is sought to set aside the sale. The action is in its nature revocatory. The burden of pleading was on the plaintiff in the attack on the sale, and the onus of proof as well. Plaintiff failed to plead that his debtor was insolvent.

Plaintiff, in its answer to the third opposition of Mrs. E. E. Thomas, alleged a conspiracy between her and Quigley & Co. It devolved upon Hicks Company, defendant in the third opposition, to allege that their debtor, whose acts they attacked, as an attempt to favor creditors, was insolvent. This they have failed to do.

Plaintiff seeks to set aside the sale in question on the ground of fraud, without having alleged the insolvency of J. Thomas, vendor to Quigley & Co., and without proof of his insolvency.

Repeated decisions upon the subject have held that the allegation and proof in question are indispensable in actions of a revocatory character. Hart & Co. v. Bowie, 34 La. Ann. 323; Abat & Generes et al. v. Penny et al., 19 La. Ann. 289.

It cannot be left to inference. It must appear that the party whose act is attacked is in insolvent circumstances.

Plaintiff asks that the case be remanded to enable him to allege and prove insolvency.

From our point of view, it would be necessary to make vendor a party. A case will not be remanded to prove insolvency unless it specially recommends itself for such action.

For reasons assigned, the judgment appealed from is affirmed. The rights of plaintiff in the premises are reserved as against Mrs. E. E. Thomas, opponent and appellee.

Costs of appeal are to be paid by opponent and appellee.