Statement of the Case.
NICHOLLS, J.
On the 27th' of October, 1903, S. W. Clark & Sons, a commercial partnership composed of S. W. Clark and his-sons, H. H. Clark and S. W. Clark, Jr., obtained from the civil district court a respite. The assets were placed at $50,732, and the liabilities at $45,080. Mrs. S. W. Clark was put down as a creditor for $9,000, and. the State National Bank for $850.
On January 7, 1904, the State National Bank demanded security, under article 3093 of the Civil Code. On hearing, S. W. Clark. & Sons, plaintiffs in the respite proceedings, were ordered to furnish bond in favor of the bank for $1,000. On the 18th of March, 1904, the bank moved to have the order-granting the respite set aside and vacated on the ground that the bond so ordered was not furnished. On hearing, this prayer was granted, and the order granting a respite-was vacated.
On March 15th the State National Bank, filed a suit against the firm, citing each member of the firm. On April 12th the bank ob *360 tained judgment in solido against the firm of S. W. Clark and its individual members.
A writ of fieri facias issued in execution of the judgment, and under the writ the contents of the store No. 624 Canal street were seized as the property of the judgment debtors.
On May 5th Mrs. Clark, the wife of the senior member of the firm and the mother of the others, alleging herself to he the owner and in possession of the property seized, prayed for and obtained an injunction directed to the seizing creditor and the civil sheriff against further proceedings under the writ of fi. fa., and selling the property, and simultaneously prayed for judgment against them for damages in making the seizure.
The bank filed an answer to her demands, setting up the legality and validity of their own proceedings, and contesting the claims of the plaintiff in injunction, and asking a dissolution of the injunction, with 20 per cent, damages.
On the trial of the ease there was judgment rejecting the demands of Mrs. Clark, and dissolving the injunction which had issued at her instance, but dismissing as of nonsuit the prayer of the bank for damages.
From that judgment Mrs. Clark appealed. For answer to the appeal, the bank prayed that the judgment appealed from be amended, so as to allow damages for attorney’s fees.
In her petition for injunction Mrs. Clark averred that she had received from the succession of her deceased parents in December, 1902, the sum of $10,000, which was taken by her husband and expended by him in his business as retail grocer.
That in September, 1899, she sold to her son S. W. Clark, Jr., a lot of ground, which she described, for $6,000, partly in cash and partly in a note for $4,500, which note was taken possession of and negotiated by her husband to a third person, and the proceeds devoted to his own use.
That cognizant of these facts, and knowing that her husband was in embarrassed circumstances, she caused a statement of her claims against her husband to be recorded according to law in the office of the recorder of mortgages for the parish of Orleans, in order to preserve the legal privilege and mortgage existing in favor of married women.
That on the 7th of March, 1904, by mutual consent the commercial firm of S. W. Clark & Sous was dissolved; the two sons retiring therefrom and turning over to S. W. Clark the business of the grocery, in which they had been engaged. That her husband, being the sole owner of the contents of the said grocery store, together with its appurtenances, wherein he was doing business on the premises, 624 and 626 Canal street, and knowing of the just and equitable claim held by her against him, in accordance with law made over to her by a notarial act as a dation en paiement in partial payment of his indebtedness the contents of said premises on the. 8th of March, 1904, at the price of $4,993, the amount ascertained by a strict and honest inventory and appraisement duly taken of the contents of the said store, and belonging and appertaining thereto for the conducting of said business.
That she accepted said dation en paiement, and was present and in her own person accepted the manual delivery of all the articles set forth in the inventory and act of dation, and from that date she had been conducting said business and grocery through S. W. Clark, Sr., whom she had especially appointed her agent for that purpose.
That in March, 1904, she had filed in the civil district court a petition against her husband, praying for a separation of property on the ground of his insolvency and the disordered ■ condition of his affairs, alleging that he was indebted to her in the sum of $13,500,- less the sum of $4,993, amount received by the dation en paiement of certain *361 movable effects. Tbat of this petition plaintiff in execution and defendant in these proceedings tools cognizance, by intervention filed March 14th, opposing the allegations of said petition, which suit was then pending.
She then recited the seizure on the 2d of May by the State National Bank, through the sheriff, of the contents of the store, G24 and 626 Canal street, which was her own separate property. That at the time of said seizure the seizing creditor had knowledge of all the facts stated, and the seizure of her property was made wantonly and maliciously, and to harass and to force her to pay what she did not owe. She averred that she was in no way indebted to S. W. Clark, Sr., or to the said bank, and alleging damage to herself from this seizure, she prayed for an injunction against the sale and a judgment decreeing her to be the owner of the property and damages.
The bank answered the opposition of Mrs. Clark, pleading, first, the general issue. It then averred the obtaining on the 18th of April, 1904, of the judgment against S. W. Clark & Sons and the individual members of the firm, and the issuing of a writ of fi. fa. in execution of the judgment, and the seizure under the writ of the contents of the store, 624 and 626 Canal street. It alleged that on October 27, 1903, the judgment debtors obtained a respite in the district court. That Mrs. Clark was placed as a creditor of the firm in the sum of $9,000. That the respite had been set aside for failure of the firm to furnish bond. That the stores on Canal street and their appurtenances were placed upon the schedule as worth $12,867, and during the term of the respite the said stores were turned over to Mrs. Clark, a creditor of the firm, at a valuation of $4,993. That said transfer was illegal, null, and void, in fraud of creditors, and that said stores were then, and still were, the property of the firm of S. W. Clark & Sons, subject to seizure by its creditors.
That the injunction which had issued had caused it damage in the sum of $850, being the amount of its judgment, with interest and costs and 20 per cent, damages. It prayed that the demand of the plaintiffs in injunction be dismissed, and that it so have judgment against her for $850 interest and costs, according to the judgment it had obtained, and 20 per cent, damages and general relief. It was stated from the bar on the trial that the sale which had been enjoined had, by consent of parties, taken place without prejudice to the rights of the parties.
Opinion.
We do not understand the State National Bank to question the verity of the claims of Mrs. Clark against her husband, or to deny the fact of the dation en paiement made to her or her possession at the time of its seizure of the property covered by that dation. It denies that the sons of S. W. Clark transferred to him their interest in the firm of S. W. Clark & Co., or any part of its property. It insists that at the time of the dation en paiement both S. W. Clark and the firm of S. W. Clark & Sons were insolvent to the knowledge of Mrs. Clark. It contends that S. W. Clark had no right, power, or authority to transfer to his wife, in payment of her individual claim against him, the property of the partnership, which was an entity separate and distinct from the individuals composing it, and that that transfer was really the sale of the property of a third person, and null and void, but, if not null and void, that the property passed to her, subject to the rights of the partnership creditors, to be paid by preference out of it. It was urged in the argument of the case by counsel of the plaintiff in injunction that the seizing creditor, in resisting the demand of the wife and contesting the dation en paiement, had not yet alleged the insolvency of the husband or tbat of the firm of S. W. Clark & Sons. There is evidence on the rec *362 ord. of evidence of the insolvency of both received without objection. Mrs. Clark herself alleged that fact, and made it the basis of the demand for a separation of property from her husband, and testified to her husband’s insolvency. We find evidence in the record that the sons of S. W. Clark & Co. withdrew from the firm, and that he had assumed all of its liabilities, but none that they had transferred their interest in it or any part of its property to their father. Quoad the creditors of the partnership, that property remained its property up to the time of the dation, and subject to payment of its debts.
The only issue presented by the wife in her injunction proceedings was that the ownership of the property seized was at the time of the seizure in her, and was not subject to seizure by the bank, which was a partnership creditor. Her counsel referred the court to the decision of this court in Hicks Co., Ltd., v. Thomas, 38 South. 149, 114 La. 219, as establishing that the bank should have alleged the insolvency of its debtors in its answer to the injunction, but, conceding that fact should have been so specially alleged, the error was cured by the evidence offered by the plaintiff in injunction herself.
We are of the opinion that, even if the property transferred to Mrs. Clark by her husband carried the title, it passed to her subject to the pursuit of the creditors of the partnership, under the circumstances of this case, independently of any question of fraud. Hewett v. Williams, 48 La. Ann. 691, 19 South. 604. We notice the fact that the bank has referred to Mrs. Clark as being herself one of the creditors of the partnership, but she herself does not claim to have been such. Facts shown in the evidence do not show that she was such. On the contrary, she was the creditor of her husband individually.
We are of the opinion that appellant is not entitled to a reversal of the judgment, and that her demand was properly dismissed.
We do not think that under the circumstances of this case the amendment asked should be made.
For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby affirmed, with costs.