State of Louisiana ex rel. City of New Orleans v. The Judge of the Sixth District Court for the Parish of Orleans.

No. 2317.—STATE OF LOUISIANA ex rel. CITY OF NEW ORLEANS *v.* THE JUDGE OF THE SIXTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

Under the act of the General Assembly, No. 16, approved February 5, 1869, the District Courts of the parish of Orleans, except the First and Second District Courts, are required to be kept open on all legal days, except from Christmas to the second of January, from the first Monday of November until the fourth day of July; and for the purpose of considering writs of arrest, habeas corpus, mandamus, etc., they are required to remain open on all legal days during the whole year; and any judgment rendered on mandamus or other conservatory proceeding out of term time may be appealed from on motion in open court the same as though it had been rendered in regular term.

A third party wishing to appeal from a judgment making a mandamus peremptory out of term time, may do so by motion in open court the same as the defendant could, and without petition and citation.

APPLICATION for a Writ of Mandamus. *H. J. Leovy & Monroe* and *Alfred Phillips* for relator. *W. H. Cooley,* Judge, respondent, in *pro per.*

WYLY, J. The relator seeks to compel the Judge of the Sixth District Court to grant a suspensive appeal on motion from the judgment rendering peremptory the mandamus sued out in the case of the New Orleans Republican Printing Company *v.* J. O. Landry, Controller. The Judge of the Sixth District Court, for cause why the mandamus herein should not be granted, shows:

*First*—That the application for appeal was made during vacation of court and should have been by petition instead of a motion.

*Second*—That the city of New Orleans not being a party to the proceedings could not intervene by motion. The mandamus sought to be appealed from was rendered peremptory in August, 1869, and the application for appeal was made during the same month.

Under the act of 1843 "the party intending to appeal may do so by petition or by motion in open court at the same term at which the judgment was rendered." * * * * * *

Act No. 16 of 1869, provides: "That except the First and Second District Courts, the District Courts of the parish of Orleans, shall be open at ten o'clock A. M., and shall remain open till three o'clock P. M., on all legal days (except from Christmas to the second of January), from the first Monday of November to the fourth of July, and for granting interlocutory orders and writs of arrest, habeas corpus, injunctions, sequestrations, attachments, mandamus, and provisional seizures, on a motion to quash and not upon their merits, they shall remain open on all legal days during the whole year." * * * *

The application for appeal, though made after the court was closed for ordinary litigation, was made while the court was open for granting judgments of the character presented in this case.

For granting a mandamus, the court remains open on all legal days of the year, and there is no more limitation on the power of the judge to act in such a case in the month of August, than in any other month.

Shall we say the court is open to grant the judgment and give it effect, and yet say it is closed against the party moving for an appeal? We think not. If the court be open to try the case, we think it also open to entertain a motion for appeal. Indeed the act of 1843 expressly gives the party intending to appeal the right to do so by motion at the same term at which the judgment was rendered.

We also think untenable the other position taken by the learned judge. It is this: The city of New Orleans not being a party to the proceeding, could not intervene by motion to obtain a suspensive appeal.

"The right of appeal is given not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit when such third persons allege that they are aggrieved by the judgment." C. P. 571.

By article 573 it is declared that: "Whoever intends to appeal must present a petition to that effect to the court which has rendered the judgment by which he believes himself aggrieved, praying to be allowed to appeal from such judgment, and offering to give such surety as the court may direct." * * * The statute of 1843 amends this article thus: "That the party intending to appeal may do so, either by petition or by motion in open court, at the same term at which the judgment was rendered." * * * * * * * *

The counsel for the district judge makes a verbal criticism upon the terms employed in the statute, and insists that the expression, "the party intending to appeal," refers only to the parties to the suit, and not to third persons, also having the right to appeal. We cannot thus limit the obvious meaning of the statute. It is an amendment to article 573, declaring that whoever intends to appeal may do so by petition, etc. The evident object of the statute was not to discriminate between persons entitled to appeal, but to provide another, perhaps more convenient mode of obtaining the order of appeal.

In construing the statute, we must regard the object of the act, rather than the precision of the language employed or the niceties of grammar.

At any rate, if the language of the statute creates doubt, we will give that doubt in favor of the right to appeal.

To facilitate and simplify the remedy of appeal, two statutes were passed. One was the act of 1839, preventing the dismissal of appeal when the error, irregularity or defect is not imputable to the appellant. The other is the statute of March 22, 1843, by which it is declared the party intending to appeal may do so by petition or by motion in open court, at the same term at which the judgment was rendered. * * * 3 An. 7.

It is, therefore, ordered that the mandamus herein be made peremptory.