Bowie vs. Davis.

· No. 8190.

MRS. MATILDA J. BOWIE VS. SAMUEL M. DAVIS.   ON RULE OF THOMAS P. FARRAR, ESQ.

| 33 | 345 |
| 109 | 671 |

| 33 | 345 |
| f118 | 712 |

ON MOTION TO DISMISS.

Appellant obtained an order for both a suspensive and devolutive appeal, but failed to file the Transcript on the return day. Within the year, however, he obtained another order for a devolutive appeal, and then filed the bond and Transcript.

Held that this second appeal is valid and that Appellant's failure to perfect the first appeal is not an abandonment thereof.

ON THE MERITS.

The Curator ad hoc appointed to represent an absent defendant, having in his Answer prayed for a fee to be taxed in his favor, and, on the trial of the case, evidence having been offered to show the value of the Curator's services, contradictorily with the plaintiff, the judgment rendered in favor of the defendant and taxing the Curator's fee, shall be binding on the plaintiff for the payment of said fee. No special notice of the trial of the Curator's claim for said fee needs be given under such circumstances.

APPEAL from the Thirteenth Judicial District Court, Parish of Tensas. *Hough, J.*

*E. H. Farrar* for the Curator *ad hoc*, Appellee :

### ON MOTION TO DISMISS.

First—Under Article 574 C. P., the motion of appeal, made in open court at the same term at which the judgment was rendered, operates as a citation of appeal, and is, in fact, a constructive citation. Brickell vs. Connor, 10 A. 235.

Second—Therefore, under Art. 594, C. P., after appellant has taken an appeal by motion in open court, he cannot withdraw it, but is bound to prosecute, or to abandon it.

Third—Where a defendant, after obtaining in open court an order for both a suspensive and a devolutive appeal, fails to give bond under either, and to file the transcript during the term at which it was made returnable, he will be considered as having abandoned his appeal, and will not be allowed, after the return day and the delays thereon, even if within the year, to renew his appeal by obtaining a new order, a new return day, and the cancellation of the old order. Dozier vs. Sargent, 4 L. 41; Collins vs. Monticou, 9 A. 39; Roberts vs. Benton, 1 R. 100; Jenkins vs. Bonds, 3 A. 389; Brickell vs. Connor, 10 A. 235; Williams vs. Leblanc, 15 A. 591; Tarlton vs. Wofford, 15 A. 592; Suc. of Andrews, 16 A. 340; see, also, Redmond vs. Mann, 24 A. 149.

Fourth—The rule stated above, in No. 3, was the jurisprudence of this State for more than forty years, when it was overruled, without even a reference to it, in Mortee vs. Edwards, 20 A. p. 236. This last case was by an *obiter dictum* referred to approvingly in 27 A. 244.

Fifth—The ground upon which Mortee vs. Edwards proceeds, is in direct violation of Art. 574, C. P. The one holding that, where an appeal is taken by motion in open court, the bond operates as citation, the other declaring that in such case the motion itself operates as citation.

Sixth—Where a conflict of jurisprudence exists, the court will determine the question. *de novo.*

### ON THE MERITS.

First—In an action to revive a judgment, no defense can be made, except one which goes to destroy the existence of the judgment itself, such as want of citation. King vs. Pickett, 32 A. p. 1006.

Second—All errors of law or of fact which may have been committed by the court which rendered the judgment, have passed into *res adjudicata*.

Third—*Res adjudicata pro veritate accipitur.* It makes white black, and black white, the crooked straight, and the straight crooked.

Fourth—A *curator ad hoc's* fee, taxed as costs in a suit, not an attachment suit, against a plaintiff who was cast, was, in 1869, legal under the provisions of section 2 of Act No. 108, of 1857, and the case of Taylor vs. Simpson, 12 A. p. 588.

Fifth—Where a *curator ad hoc*, in his answer, filed as such, prays that a fee be taxed in his favor against the plaintiff as part of the costs in the case, and, on the trial, testimony is taken contradictorily to fix the value of such fee, and the court, on the face of the final judgment rendered in the cause, rejecting plaintiff's demand, taxes the fee as costs in favor of the curator, and against the plaintiff, and the plaintiff appeals from such judgment to the Supreme Court where it is affirmed, the judgment is final and irrevocable, and cannot be attacked in any manner, whether directly or collaterally. To contend that such a judgment, as to the *curator's* fee, is one rendered without citation, is to trifle with the court.

*Steele & Garrett* for Mrs Bowie, Appellant :

### ON MOTION TO DISMISS.

An appeal is made by obtaining an order and "upon offering to give such security as the court may direct," but an order without the bond is no appeal. C. P. 573.

Where no bond has been given there has been no appeal, and there can be no abandonment, no matter how many orders have been granted. 20 An. 236; 27 An. 244; 28 An. N. R. Edwards vs. Ricks.

Where an order of appeal was granted upon motion in open court, but the appeal was not perfected by giving bond, the appellant may at any time within the year claim the right to a devolutive appeal, by a petition to the District Judge, withdrawing the previous order and obtaining a new order of appeal. C. P. 595. The appeal under the second order will not be dismissed upon the ground that the appellant abandoned the appeal, by not filing the record within the time fixed in the first order.

The right to appeal being constitutional, the law should be construed liberally in favor of the appellant. 1 An. 414; 11 L. 382.

## ON THE MERITS.

A void judgment cannot be revived. 30 An. 363, 692; 32 An. 1006.

In a suit to revive a judgment, the defendant may allege and prove any fact showing the nullity of the judgment. It is essential to the revival of a judgment that there should be a valid and subsisting one; which is a fact for plaintiff to establish. Conery vs. Rotchford, Brown & Co., 30 An., 692; 32 An. 1006.

The decree taxing as costs $1500 to be paid by plaintiff, in favor of the curator ad hoc, representing an absentee in an ordinary suit, rendered without notice or rule upon the party condemned, is absolutely null. Cooley vs. Beauvais, 9 L. 85; Whitney & Ux vs. O'Bearne et al., 6 L., N. S., 169 ; Pontalba vs. Pontalba, 2 L. 466.

Where the amount of the fee as curator ad hoc, as taxed in the judgment, has been paid to him by either plaintiff or defendant, for services in that suit, the judgment in that respect is satisfied and cannot be revived on motion of the curator ad hoc.

Where the judgment is such that in good conscience it ought not to be executed, and the defendant shows that he is without other remedy, a suit to revive will be controlled by those equitable principles which exist and may be enforced independently of the textual provisions of the Code.

---

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

LEVY, J. Appellee moves to dismiss this appeal on the following grounds:

1st. Because appellant obtained on November 5th, 1880, on motion in open court, an order for both a suspensive and devolutive appeal, returnable to the Supreme Court on the 2d Monday of November, 1880, and failed to file the record in this Court on said return day, or within three judicial days thereafter, which failure operated an abandonment of said appeals, both suspensive and devolutive, and for this reason, the second devolutive appeal, taken by petition by appellant on 10th July, 1880, was illegal and of no effect, the judgment appealed from having become final and irrevocable by said abandonment.

2d. Diminution of record.

By consent of parties, the second ground has been abandoned.

" The inability or the omission of the plaintiff to furnish a bond and fulfil the condition precedent on which a suspensive appeal was granted, did not preclude the party from applying within the year for a devolutive appeal. The jurisdiction of this Court attaches only when the bond is filed." 2 An. Gibson vs. Selby, 630. See, also, 15 An. 592; 20 An., Mortee vs. Edwards, 236.

"Appellant gave no bond under the order for a suspensive appeal, but gave bond after getting an order for a devolutive appeal. This was not an abandonment of an appeal. There is no appeal until the bond is given, it matters not how many orders of appeal have been granted." Bank of America vs. Fortier, 27 An. 244.

The motion to dismiss is denied.

## ON THE MERITS.

This suit is one for the revival of a judgment.

In October, 1868, Mrs. M. J. Bowie brought a petitory action in the District Court of the parish of Tensas against Samuel M. Davis, a non-resident of the State, claiming the ownership of an estate, known as the "Franklin Plantation," valued at $50,000. She asked for the appointment of a *curator ad hoc* to represent the absentee, and under her prayer Thomas P. Farrar, Esq., was thus appointed.

In this capacity as curator (he being a practising attorney at law), he defended the action, filed an answer, in which he prayed that a fee of $1500 be taxed in his favor against plaintiff as costs in the case. The cause was tried, and on the trial evidence was taken, contradictorily with the plaintiff, to show the value of the services of the *curator ad hoc*. On November 2d, 1869, the following final judgment was rendered and duly signed: "It is therefore ordered, adjudged and decreed, that there be judgment final for defendant and against the plaintiff, quieting said defendant in his title to and possession of the Franklin Plantation in this parish, and that the plaintiff pay the costs of this suit, to be taxed, and on motion and due proof made, it is further ordered, adjudged and decreed, that the sum of fifteen hundred dollars be, and it is hereby taxed. in the costs of this suit, in favor of Thomas P. Farrar, Esq., as *curator ad hoc*, appointed by the Court, to represent the defendant, being the value of his professional services rendered in this suit." From this judgment plaintiff appealed to the Supreme Court of this State, and that Court affirmed said judgment.

On April 21st, 1879, Thomas P. Farrar brought suit to revive the above judgment in his favor. On October 24th, 1879, defendant appeared and excepted that Davis was a necessary party, and on the same day Farrar made Davis' heirs parties by supplemental proceedings. On November 5th, Mrs. Bowie filed a plea of no cause of action and the plea of prescription of ten years. These exceptions were referred to the merits. On the same day she filed an answer in which she reiterated the grounds set forth in the exceptions, and averred among other things that the curator's fees could not be legally taxed against her in the original suit; that she was not bound therefor; that the same had been paid by the defendant; that the judgment in favor of Farrar is null and

void because she was not cited to answer his demand; and because no attempt had been made to execute the judgment, although both Davis and Mrs. Bowie were solvent.

There was judgment reviving the original judgment, from which Mrs. Bowie has appealed.

The grounds on which appellants rely for a reversal of the decree are these:

1st. That the judgment sought to be revived had been paid and extinguished in so far as the same was valid, to wit: by the payment of the costs.

2d. That as to that portion of the judgment sought to be revived, viz: that which pretends to condemn plaintiff to pay to Thomas P. Farrar, Esq., *curator ad hoc*, for services rendered against her, the sum of $1500, the same was null and void upon the face of the record.

3d. That this decree was rendered in an *ex parte* proceeding, without citation, notice, or rule upon the party condemned.

1st. The payment of costs other than those taxed as fee or costs of the *curator ad hoc*, is not disputed, and, indeed, seems to have been admitted by all parties.

2d. As to the nullity of that portion of the judgment allowing to the *curator ad hoc* the sum of $1500 for services rendered in defence of the suit, we think it authorized and justified by Act No. 108 of 1857, which was in force at the date of the judgment sought to be revived. In that act, there is no limitation of the appointment of *curators ad hoc* and *attorneys ad hoc* to cases of attachment, but it applies to all cases in which there were absent defendants. And in Sec. 2 it is declared: "That attorneys thus appointed, as provided in the preceding section, shall be entitled to the sum of ten dollars, as a fee, to be taxed as costs, which, upon application and proof to the Court, may be increased in proportion to the services rendered." All the requirements of law in this case seem to have been fully complied with. The appointment of Mr. Farrar as *curator ad hoc* of the absent defendant was asked for by the appellant herself. He in his answer to her petition specially prayed for (made *application*) for the allowance of the sum of $1500 for his services as such curator, to be taxed as costs, and due proof, on trial, was made as to the value of the services—Mrs. Bowie was a party to the proceedings; the answer made up the issue; the trial of the whole case, including the application aforesaid of the curator *ad hoc*, was had contradictorily with her and being thus before the Court, no mere formal service of rule or citation was necessary.

Further, we find nothing to support the allegations or position of the appellant that Davis had paid this sum of $1500. On the contrary, the evidence satisfies us that the $1500 taxed as the costs of the *curator*

·ad hoc for his services rendered in the original suit in the lower court, have never been paid. Davis when he paid Farrar the sum of two thousand dollars did so in consideration of services rendered on the ·appeal from the original judgment and for other services in other professional employment, and particularly declined paying that amount but ·contended that it should be paid by Mrs. Bowie.

The judgment appealed from is affirmed with costs.