(43 South. 307.)

No. 16,418.

DURAND v. LANDRY.

In re DURAND.

(March 4, 1907.)

APPEAL — FAILURE TO PERFECT—SECOND APPLICATION.

Where an appellant has obtained an order for both a suspensive and devolutive appeal, and has perfected neither by giving bond, he is entitled, within the year, to another order for a devolutive appeal. There is no appeal to be abandoned until the bond is given. Bowie v. Davis, 33 La. Ann. 345.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 53.]

(Syllabus by the Court.)

Action by W. J. Durand against Mrs. Luc. B. Landry. Motion for an order of devolutive appeal denied, and W. J. Durand applied for a writ of mandamus. Writ granted.

Walter Joseph Durand, in pro. per. Respondent judge, pro se.

LAND, J. On August 4, 1906, the relator moved, in open court, for a suspensive, and in the alternative for a devolutive, appeal to the Supreme Court returnable on the first Monday of October, 1906. The appeal was granted as prayed for, and the bond for either appeal was fixed by the court at $100. The relator did not perfect and prosecute this appeal.

On November 21, 1906, the relator moved the court for an order of devolutive appeal, which was refused, on the ground that the relator was not entitled to a second order for a devolutive appeal. The respondent judge erred. The precise question was decided in Bowie v. Davis, 33 La. Ann. 345; the court holding that the failure of the plaintiff to perfect the first appeal, which was suspensive and devolutive, was not an abandonment thereof, and that the plaintiff consequently had the right, within the year, to another order for a devolutive appeal. This decision is bottomed on the principle that there is no appeal until the bond is given, it matters not how many orders of appeal have been granted, and is sustained by a number of authorities cited in the text.

It is therefore ordered that a peremptory writ of mandamus issue as prayed for, directing the respondent judge to grant the relator a devolutive appeal from the judgment in the case of W. J. Durand v. Mrs. Luc. B. Landry, returnable to this court, and to fix the return day and the amount of bond.