(54 South. 590.).

No. 18,264.

GRESHAM v. COLLIER, Sheriff, et al.

(Feb. 27, 1911.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 14*)—PROCEEDINGS TO PERFECT APPEAL.

The first appeal was not perfected by furnishing an appeal bond. It is as if no attempt had been made to appeal.

Another order of appeal was obtained and bond furnished in due form within 12 months. The appeal is devolutive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 53; Dec. Dig. § 14.*]

On the Merits.

2. MALICIOUS PROSECUTION (§ 8*)—RIGHT OF ACTION—OFFICER ACTING UNDER ORDER OF COURT.

Malicious prosecution was the charge, alleged for the damages claimed.

The utterances of plaintiff, expressive of an intention to inflict bodily harm upon defendant, moved the latter to make an affidavit against the former.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 8.*]

3. MALICIOUS PROSECUTION (§ 8*)—RIGHT OF ACTION—OFFICER ACTING UNDER ORDER OF COURT.

The officer charged with the writ of arrest would have had to release the plaintiff had he not taken him to jail. In taking the plaintiff to jail he executed the order of the court.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 8.*]

4. MALICIOUS PROSECUTION (§ 8*)—RIGHT OF ACTION—OFFICER ACTING UNDER ORDER OF COURT.

Plaintiff was in jail a few days. When he offered a release bond, it was accepted, and he was released.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 8.*]

5. MALICIOUS PROSECUTION (§ 8*)—RIGHT OF ACTION—OFFICER ACTING UNDER ORDER OF COURT.

The officer in executing the order was not at fault. The order he held from the justice of the peace was a protection from damages.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 8.*]

6. MALICIOUS PROSECUTION (§ 8*)—RIGHT OF ACTION—OFFICER ACTING UNDER ORDER OF COURT.

The court had jurisdiction.

The defendant caused no damages, and is not liable in damages.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 8.*]

7. MALICIOUS PROSECUTION (§ 8*)—RIGHT OF ACTION—OFFICER ACTING UNDER ORDER OF COURT.

Moreover, the cause had not reached the point that rendered it possible under established jurisprudence to sustain the action. No trial was ever had on the charge brought against plaintiff in the criminal case.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 8.*]

Appeal from Third Judicial District Court, Parish of Claiborne; B. P. Edwards, Judge.

Action by Jesse Gresham against B. T. Collier, sheriff, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. Burrough Crow, for appellant. McClendon & Seals, for appellees.

On Motion to Dismiss the Appeal.

BREAUX, C. J. The judgment of the district court was signed on the 18th day of February, 1910, rejecting plaintiff's demand.

In the same month plaintiff applied for, and obtained, an order for a suspensive and devolutive appeal, returnable within 60 days.

Plaintiff did not perfect his appeal by furnishing bond in accordance with the order.

The order was granted, and the motion for the devolutive appeal bond was fixed.

On April 18, 1910, he filed a devolutive appeal bond.

The ground of defendant and appellee, as set forth in his motion to dismiss, is that the transcript of appeal was not filed within the 60 days named in the first order of appeal, and that the second order can be of no avail because by the failure to file the transcript within the 60 days appellant has abandoned his appeal.

This is the rule controlling when an ap-

peal has been completed by furnishing the required bond. An appellant then must bring up the appeal within the time fixed. But that is not the case when the appeal has not been completed by furnishing bond. This is the well-settled rule, and need not be sustained by reference to decisions. The objection to the alleged delay in filing the record under the first order of appeal is therefore disposed of by the foregoing.

Taking up the next ground for dismissal of the appeal, that is that the appeal has been abandoned. It is equally as untenable. The second order of appeal was not a renewal of the first appeal. It only had the effect of ignoring entirely the previous attempt made to take the appeal.

One who desires to appeal has 12 months within which to take a devolutive appeal. The right cannot be denied save for legal cause.

The well-supported rule of law is that an order of appeal, suspensive and devolutive, not perfected by furnishing bond, does not bar the appellant the right within the year to another order for a devolutive appeal. Durand v. Landry, 118 La. 711, 43 South. 307.

### On the Merits.

The plaintiff, a boy 19 years of age, who had himself emancipated to file this suit, claims that defendant sheriff and J. C. Foust are in solido indebted to him in the amount of $5,050 damages.

The defendant Foust, who is the principal offender, as alleged by plaintiff, we infer is in the afternoon of life. He has a wife and four children. The youngest is 27 years of age.

Plaintiff's complaint is that one of the deputies of Sheriff Collier, acting without authority, arrested him on an invalid affidavit, signed by defendant J. C. Foust before a justice of the peace, J. A. Brooks, charging him (plaintiff), he avers, with an act which is not a crime.

The affidavit of Foust charged that plaintiff had threatened in the presence of T. K. Roach that he, the plaintiff, intended to "take a scantling and break down the window of the affiant, J. C. Foust, and go into the store and shoot him," and he also charges "something about his being a member of the jury."

The facts preceding the date of the affidavit by Foust had been that he, Foust, had been subjected to annoyance. It is not certain by whom. Some one had fired at his store in the nighttime are the words used by one of the witnesses.

On another occasion Foust had seen some one prowling around his store in a manner that excited his suspicion.

It was about this time that the threats made by plaintiff reached his ears. In the frame of mind in which these things placed him, he consulted several of his neighbors, and thereafter repaired to the office of the justice of the peace, and signed the affidavit before mentioned.

To this point there was certainly nothing objectionable on the part of Foust. A peaceable man, who wishes nobody harm, may certainly appear before a justice of the peace and sign an affidavit against one who has threatened his life.

After this affidavit had been made, the sheriff, it seems, was prompt in making the arrest, and was equally as prompt in placing the plaintiff in jail.

The activity of the officer in this respect, if by it he did not deny to the accused—plaintiff here—the right to appear before the proper magistrate and furnish bond, cannot make him liable in damages.

Plaintiff remained in jail about eight days. He seems to have accepted the situation dur-

ing that number of days, and not to have exerted himself much to minimize the term of his confinement in jail. He did not ask for a hearing, nor did he make application for his release on bond prior to the application upon which he was released. He never asked to be released on his own recognizance; at any time suggested that he was unable to furnish bond.

Foust and plaintiff are members of the church. They disagreed and subsequently plaintiff made the threat before mentioned.

There was nothing in the disagreement of the two to justify the threats which were made.

The case, in so far as relates to the arrest and placing within jail, is clearly within section 1016 of the Revised Statutes, which authorizes the magistrate to imprison one charged with an intention to break the peace and to answer to the offense. Wells v. Johnston, 52 La. Ann. 713, 27 South. 185.

The weight of the testimony is that the plaintiff's conduct had not been good for some time prior to his arrest.

He is a member of a good and law-abiding family. As he had good influences around him, he has less excuse for his bad conduct.

We have considered the for and the against between plaintiff and defendants, and have arrived at the conclusion expressed. Further discussion would not result in our arriving at a different conclusion.

We do not find it possible to allow damages. Moreover, the case brought by defendant against plaintiff, on affidavit made, was never heard and decided, a prerequisite to a suit for damages on the ground of false imprisonment. See Sandoz v. Veazie, 106 La. 202, 30 South. 767.

The law and the evidence being in favor of defendants for reasons stated, the judgment of the district court is affirmed.