His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
The appellants procured an order for a devolutive appeal but failed to furnish bond or to file the transcript in accordance therewith. Subsequently, but before the time for appealing devolutively had elapsed, they procured a second order for a devolutive appeal, which they complied with by furnishing bond and filing the transcript. Defendant moves to dismiss the appeal -on the ground that the failure to prosecute the first appeal was an abandonment thereof and constituted a bar to the second appeal.
If an appeal bond had been furnished pursuant to the first order of appeal, the motion to dismiss would have been sustainable under the authorities cited by defendant; but it is othei'wise where an appellant has failed to furnish such bond, for in that case the right to subsequently appeal is not barred.
Durand vs. Landry, 118 La., 711 and authorities cited.
Defendaxxt furthermore contends that the appeal should be dismissed because of appellants’ failure to cite or to pray for the citation of certaixx parties as appellees. It appears, however, that all those who have an interest *251 in maintaining the judgment have been cited on appeal, and it is clear that they alone need be made appellees.
Seeling vs. Illinois Central R. R., 8 Ct. of Ap., 286.
Ivy vs. Lusk, 11 An., 486.
Motion to -dismiss denied.