No. 1951
Second Circuit Appeal

---

R. L. DAY v. CARL GOFF ET AL.

---

(April 11, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

ON MOTION TO DISMISS

1. **Louisiana Digest—Appeal—Par. 268, 283.**
"The well-supported rule of law is that an order of appeal, suspensive and devolutive, not perfected by furnishing bond, does not bar the appellant the right within the year to another order for a devolutive appeal."

2. **Louisiana Digest—Appeal—Par. 258, 357.**
In this case defendant's counsel, in open court, waived notice of the appeal. The notice of appeal required by law is the citation, and the waiver of it, we think, must operate the same as the service would have done, curing any irregularities.

ON EXCEPTION NO CAUSE OF ACTION

3. **Louisiana Digest—Pleading—Par. 62.**
Code of Practice, 298, paragraph 7, and Code of Practice, 398, give a party claiming ownership of property about to be sold by the sheriff the right to enjoin the sale; and in this case plaintiff does not claim ownership but a chattel mortgage, so is not entitled to the injunction. The exception no cause of action is therefore sustained.

4. **Louisiana Digest—Fixtures—Par. 1, 2.**
Where the things are not permanently attached to the building, either by plaster, mortar or in any other way which would prevent their being taken off without breaking or injuring them or the building, they are not immovable by destination.

(See Civil Code, Arts. 467, 468, 469. Editor's note.)

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville, Hon. J. E. Reynolds, Judge.

This is a suit enjoining a sale of movables.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed with reservations.

J. Rush Wimberly, of Arcadia, attorney for plaintiff, appellant.

Goff & Barnette, of Arcadia, attorneys for defendants, appellees.

CARVER, J. Defendant Goff sued out executory process to enforce a chattel mortgage given March 10, 1922, by Bryceland Mercantile Company, Inc., on property described in the mortgage as follows:

"The stock of merchandise and all fixtures in the store of Bryceland Mercantile Company and all notes and open accounts and other movable property of said corporation."

Thereupon the plaintiff herein brought this injunction suit to restrain the sheriff from selling under said process the following items of property seized thereunder, to wit:

Six showcases.
One Woodstock typewriter.
One iron safe.
One adding machine.
One gun case.

One settee.

One heater.

Two pairs of scales.

He alleges that he has a prior mortgage on the lot and building in which those items had been placed for service and improvements thereby becoming immovable by destination; that Goff's proposed sale thereof separately from the building would cause him injury; and that Goff's mortgage is void as to said items because of insufficiency of description.

He prayed that Goff's mortgage be decreed void as to those items and that the sheriff be enjoined from selling them.

By supplemental petition he alleged that Goff's mortgage was a fraudulent simulation.

Goff filed an exception of no cause of action, specifying:

1. That plaintiff did not allege himself to be a creditor of Bryceland Mercantile Company, Inc.

2. That he does not allege insolvency of that company or make it a party to the suit.

3. That he did not allege that the items were attached to the building in such manner as to make them a part thereof or that they were a part by nature.

4. That he did not allege ownership of the items themselves.

5. That he did not allege that he had any lien or privilege on the items entitling him to the proceeds by reference.

This exception was referred to the merits.

Goff then filed an answer denying the allegations of plaintiff's petition generally and specially alleging that plaintiff's mortgage, as to the items mentioned, was void as to him on various grounds, namely:

As a real mortgage, because the items are not immovables by destination, and as a chattel mortgage, because not recorded in the chattel mortgage book; and because the resolution of the board of directors of the Bryceland Mercantile Company, Inc., though authorizing the mortgage of the house and lot did not authorize the mortgage of the items in contest.

He prayed that his own mortgage be decreed valid and plaintiff's mortgage invalid as to the property in contest, for dissolution of the injunction, and for damages.

The District Judge rendered judgment rejecting plaintiff's demands and dissolving the writ of injunction, and reserved to defendant the right to sue for damages for illegal issuance of the injunction.

This judgment was rendered and signed December 8, 1922.

On the same day plaintiff's counsel, in open court, moved for orders of suspensive and devolutive appeal, both of which were granted, returnable to this court on January 2, 1923.

No bonds were given under these orders nor was the record filed on or before the return day.

On March 31, 1923, the following action was taken, as shown by the court minutes:

"Orders of appeal, devolutive prayed for by plaintiff in open court. Same granted and made returnable on second Monday in May, 1923, to Circuit Court of Appeals at Shreveport, La. The devolutive appeal bond fixed in the sum of $100.00. Formal notice of the above appeal is waived by counsel for defendant."

The bond was duly given under this order and the record filed in this court April 27, 1923.

Defendant's counsel move to dismiss the appeal on two grounds.

1. That plaintiff's failure to give bond and file the record in this court under the first order of appeal was an abandonment of the appeal.

Citing:

Brickwell vs. Conner, 10 La. Ann. 235.
Roberts vs. Benton, 1 Rob. 100.
Jenkins vs. Bonds, 3 La. Ann. 339.
Levee Board vs. Land Co., 132 La. 911, 61 South. 868.
Girod vs. Brick Co., 127 La. 328, 53 South. 582.

2. That the order of appeal obtained March 31, 1923, (that being a different term of court) was by motion in open court and therefore illegal, because Code of Practice, 573, required it to be taken by petition.

## ON MOTION TO DISMISS

### I.

The jurisprudence is conflicting on the question whether the failure to file the record on or before the return day, where no appeal bond has been given, is an abandonment of the appeal. Some of the earlier authorities hold that it is. But we think the case of Gresham vs. Collier, 128 La. 145, 54 South. 590, must be regarded as settling the question the other way.

The court in that case says:

"The well supported rule of law is that an order of appeal, suspensive and devolutive, not perfected by furnishing bond, does not bar the appellant the right within the year to another order for a devolutive appeal."

Citing Durand vs. Landry, 118 La. 711, 43 South. 307.

The Durand case affirmed the decision of Bowie vs. Davis, 33 La. Ann. 345.

In the Bowie case, the question was vigorously contested, the appellee's counsel urgently arguing that the case of Mortee vs. Edwards, 20 La. Ann. 236, had overruled the jurisprudence of forty years without even referring to it, and appealed to the court to overrule the Mortee case. This, though, the court refused to do, holding as follows:

"The inability or the omission of the plaintiff to furnish a bond and fulfill the condition precedent on which the suspensive appeal was granted did not preclude the party from applying within the year for a devolutive appeal. The jurisdiction of this court attaches only when the bond is filed."

Citing the Mortee case; also Gibson vs. Selby, 2 La. Ann. 630, and Tarlton vs. Wofford, 15 La. Ann. 592.

The court said, further, "the appellant gave no bond under the order for a suspensive appeal but gave bond after getting an order for a devolutive appeal. This was not an abandonment of the appeal. There is no appeal until the bond is given". Citing Bank of America vs. Fortier, 27 La. Ann. 244.

The decision in the case of Levee Board vs. Land Company, 132 La. 911, 61 South. 868, does not, in our opinion, overrule the Gresham case and the authorities on which it is based. That case holds that inasmuch as the Levee Board is not required to give bond, the mere taking an order of appeal perfects the appeal and if, therefore, the record is not filed within the legal delays the appeal must be regarded as abandoned. Where, however, a bond is required, we think, as was said by the court in the Bowie case, that there is no appeal until the bond is given and therefore there is no abandonment.

The previous appeal in the Girod case which the court in 127 La. 328, 53 South. 582, held had been abandoned for failure to file the record in time, was evidently one where a bond had been given. Girod vs. Brick Company, 126 La. 385, 52 South. 550.

## II.

It was irregular to appeal by motion instead of by petition, the appeal having been taken at a term of court subsequent to the one at which the judgment was rendered.

Code of Practice, 573.

But in Prudhomme vs. Edens, 6 Rob. 64, it was held that:

"Where an appeal is applied for after the term of court at which judgment was rendered, it should be by petition, as required by article 573 of the Code of Practice, and not by motion. But where an appeal has been allowed, under such circumstances, on motion, and citation has been duly served, and the other requisites complied with, it will not be dismissed for such irregularity."

The Edens case was cited approvingly in Mayville Canal Co. vs. Lake Arthur, etc., Co., 119 La. 447, 44 South. 260, which also cited the following cases:

De St. Avid vs. Pinchot, 3 La. Ann. 6.

Wheeler vs. Peterkin, 38 La. Ann. 663.

Widow St. Romes vs. McCarty, 21 La. Ann. 277.

Pratt vs. Erwin, 5 La. Ann. 115.

State, ex rel. City of New Orleans vs. Judge, 21 La. Ann. 734.

In this case defendant's counsel, in open court, waived notice of the appeal. The notice of appeal required by law is the citation and the waiver of it, we think, must operate the same as the service would have done, curing any irregularities.

The motion to dismiss is overruled.

## ON EXCEPTION OF NO CAUSE OF ACTION.

We think the exception of no cause of action should have been sustained, and this seems to be all that the judgment below realy amounts to. It merely dismisses plaintiff's suit and reserves defendant's right to sue for damages but does not pass on the validity of either plaintiff's mortgage or that of defendant.

Code of Practice, 298, paragraph 7, and Code of Practice, 398, give a party claiming ownership of property about to be sold by the sheriff the right to enjoin the sale; but in this case plaintiff does not claim ownership, so is not entitled to the injunction.

In Layman vs. Woulfe, 136 La. 767, 67 South, 823, where a party holding notes purporting to be secured by mortgage on certain real estate enjoined the sale thereof under executory process obtained by another on notes purporting to be similarly secured, the alleged ground of the injunction being that the mortgage securing said latter notes was not authentic, the court said:

"But in the case at bar the intervenor does not claim ownership of the property seized and his assertion of a privilege on the proceeds of the property would not have entitled him to an injunction."

In this case the plaintiff's right to the proceeds cannot be passed upon because he does not sue for the proceeds.

As a revocatory action the petition is faulty in failing to allege that the Bryceland Mercantile Company, Inc., was insolvent.

Civil Code, 1971, provides:

"This action can only be exercised when the debtor has not property sufficient to pay the debt of the complaining creditor, or of all his creditors where there has been a cession, or any proceeding analogous thereto."

In Hicks vs. Thomas, 114 La. 219, 38 South. 148, at page 223, the court says:

"Plaintiff seeks to set aside the sale in question on the ground of fraud without having alleged the insolvency of J. Thomas, vendor to Quigley & Co., and without proof of his insolvency.

"Repeated decisions upon the subject have held that the allegation and proof

in question are indispensable in actions of a revocatory character."

Citing: Hart & Co. vs. Bowie, 34 La Ann. 323, and Abat & Generes vs. Penny 19 La. Ann. 289.

In answer to the claim that plaintiff, is the holder of a real mortgage on the property in question, on the theory that said property was immovable by destination and part of the realty and that its sale separate from the building of which it is alleged to form a part by such destination, would injure plaintiff, it may be replied:

1. That, in our opinion, were the items immovable by destination, such separate sale would not injure him. We cannot conceive that the lot and building sold together with the typewriter, safe and other items, would bring more than the whole would if these items were sold separately from the building.

2. Besides, though, in our opinion, the items are not immovable by destination. Civil Code, 467, as amended by Act 51 of 1912, provides:

"Wire screens, water pipes, gas pipes sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures, bathtubs, lavatories, closets, sinks, gasplants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building, are immovable by their nature."

Article 468 provides as follows:

"Things which the owner of a tract of land has placed upon it for its service and improvement, are immovable by destination.

Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to wit:
Cattle intended for cultivation.
Implements of husbandry.
Seeds, plants, fodder, and manure.

Pigeons in a pigeon house.
Beehives.
Mills, kettles, alembics, vats, and other machinery made use of in carrying on the plantation works.
The utensils necessary for working cotton, and saw-mills, taffia distilleries, sugar refineries and other manufactures.
All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination."

Article 469 provides as follows:

"The owner is supposed to have attached to his tenement or building forever such movables as are affixed to the same with plaster or mortar, or such as cannot be taken off without breaking or injuring the part of the building to which they are attached."

It is clear that the articles in question in this case, to wit: show-cases, typewriter, iron-safe, adding machine, gun-case, settee, heater, and scales, are not of the character of things treated of in either one of these three articles. There is no pretence that they are permanently attached to the building either by plaster, mortar or in any other way which would prevent their being taken off without breaking or injuring them or the building. The claim, as we understand it, is merely that they are attached in a legal sense because placed in the building for its service and improvement. But it is apparent from the nature of the items and from their not being so permanently attached that they were not placed in the building for the purpose of serving or improving it but rather for the convenience of the particular kind of business that was being conducted in it.

In L'Hote vs. Fulham, 51 La. Ann. 780 25 South. 655, the court held, in a well considered case, that chandeliers and brackets attached to gas pipes and the walls of a building were movable, not immobilized by destination.

In Scovell vs. Shady Side Co., 137 La. 918, 69 South. 745, and Coguenhem vs. Troclair, 137 La. 985, 69 South. 800, the court discussed at length the question of immovables by destination.

In the Scovell case, it held that bath tubs, toilets, stationary washstands, a complete double outfit for heating purposes, mantel pieces, and certain grill work, were immovable by destination because evidently placed in the dwelling house to remain there permanently. The proof showed that the removal of the things mentioned would not only leave holes in the walls, ceilings and floors but that the rooms would be left rough, unfinished and in an injured condition and that repairs would have to be made to the house.

It also held that combination gas and electric light chandeliers and brackets were also immovable by destination. It differentiated the L'Hote case, pointing out that in that case the chandeliers and brackets were merely screwed and could without injury be detached by unscrewing whereas in the Scovell case they were, as to the gas fixtures, parts of a plant established in the cellars of the house for the manufacture of gas, and, as to the electric light fixtures, were accessories to an electric light plant established by the owner in a nearby sugar-house.

None of these fixtures could be detached without disruption of these plants.

In the Coguenhem case, the court quotes from Deholombe de la Distinction de Biens, vol. 9, page 100, Nos. 199 and 200, as follows:

* * *

"The point is that the movable is attached permanently at least in the intention of the owner, to the immovable, associated with its destiny, to be leased, sold, expropriated with it, donated or bequeathed with it, in a word, to be from henceforth considered not separately, isolatedly, in its individuality as a movable, but, on the contrary, in its union with the fundus itself, as a dependenccy or accessory of this fundus.

And hence this destination and especially this perpetuity of the destination which thus unites the movable with the immovable, which merges them in the same hand, to remain always together, in such way that the person who shall have the immovable shall by reason of that fact alone have the movable also, the permanent perpetual destination fictively imparts to the movable the immobile nature of the fundus."

The articles in this case, merely by being placed in the building and without being affixed thereto, surely have not been intended by the owner to remain with the building "to be leased, sold, expropriated with it, donated or bequeathed with it, in a word, to be from henceforth considered not separately; isolatedly, in its individuality as a movable, but on the contrary, in its union with the fundus itself, as a dependency or accessory of this fundus"?

The District Judge not having passed on the validity of either the plaintiff's mortgage or that of defendant, and the plaintiff not having prayed for the proceeds of the sale but merely having enjoined the sale, we do not pass on the validity of those mortgages either, except that we hold that the articles in question are not immovables by destination and therefore are not covered by the mortgage which plaintiff has considered merely as a mortgage on the lot and building. The right is reserved to each party to claim the validity of his own and the invalidity of his opponent's mortgage, with the exception above mentioned as to plaintiff's claim of mortgage on the items as immovable by destination. With this reservation, the judgment of the lower court is affirmed.