Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed, reserving to the plaintiff the right to apply for a rehearing.

BRUNOT, J., dissents.

148 So. 898

VACUUM OIL CO. v. COCKRELL.

No. 32314.

May 29, 1933.

Herold, Cousin & Herold, of Shreveport, and Paul Kramer, of Franklin, for appellant.

Cline, Plauche & Thompson, of Lake Charles, for appellee.

ROGERS, Justice.

The court below rendered judgment in plaintiff's favor on March 4, 1932. The judgment was signed on March 7, 1932, and on the same day, but after the judgment was signed, the defendant moved for a suspensive and devolutive appeal, returnable to this court on or before April 18, 1932. The appeal was granted as prayed for, and bond for the suspensive appeal was fixed according to law and for the devolutive appeal at the sum of $50. Defendant did not perfect either appeal by furnishing the required bond.

On March 7, 1933, defendant presented a petition for a devolutive appeal, and an order was signed granting the appeal, return-

able to this court on March 27, 1933, and fixing the appeal bond at $300. The bond was signed the same day, and citations of appeal were duly issued and served. The transcript was filed in this court on the return day fixed in the order granting the appeal.

Plaintiff has filed a motion to dismiss the appeal on the ground that the order of appeal was improperly granted, the defendant not being entitled to a second appeal until he has formally withdrawn the first appeal.

Plaintiff relies on article 595 of the Code of Practice, which reads as follows, viz.: "But if the appellant wishes to withdraw his appeal before he has cited the appellee, he may be allowed to do so, on motion to the lower court; and in such case he may renew his appeal within the time herein above allowed."

■ But, before citation is issued to the appellee, the bond for the appeal, as directed by the court, should be furnished. Code Prac. art. 581. Whether the appeal be by petition or by motion, until the bond is furnished there is no appeal. And this is so no matter how many orders of appeal have been granted. Hence, until the bond is given, there is no appeal to be abandoned or withdrawn.

■ Resting on the principle that there is no appeal until the bond is given, irrespective of the number of orders of appeal that have been granted, and notwithstanding the apparently contrary doctrine of a few old cases cited by plaintiff, the jurisprudence of the state, as it presently exists, properly upholds the right of an appellant who has obtained an order for both a suspensive and devolutive appeal, and has perfected neither by giving bond, to apply for and obtain, within the

year, another order for a devolutive appeal. See Mortee v. Edwards, 20 La. Ann. 236; Bank of America v. Fortier, 27 La. Ann. 243; Bowie v. Davis, 33 La. Ann. 345; Upton v. Adeline Sugar Factory, 109 La. 670, 33 So. 725; Durand v. Landry, 118 La. 711, 43 So. 307; Gresham v. Collier, 128 La. 143, 54 So. 590; Urania Lumber Co., Ltd., v. Haddox, 161 La. 227, 108. So. 463.

For the reasons assigned, the. motion to dismiss the appeal herein is denied.

O'NIELL, C. J., dissents on the ground that the filing of the appeal bond divests the trial court of jurisdiction.