## HORTON et ux. v. WESTERN UNION TELEGRAPH CO.

### No. 6249.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 13, 1941.

C. D. Moss, of Winnfield, for appellants.

White, Holloman & White, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiffs' son, John Lee Horton, a minor, according to the allegations of the petition, was thrown 'from the bicycle on which he was riding, after delivering a telegram for defendant, his employer, and was injured. The boy's face was bruised and cut, two teeth were knocked out and others loosened. The cuts and bruises, it is alleged, have resulted in permanent disfigurement. Plaintiffs, for the use and benefit of their son, sue for workmen's compensation for a period of four hundred (400) weeks. They allege that defendant is engaged in a hazardous business; that the son was serving defendant as a messenger boy, his duties being to call for, receive and deliver telegrams, cables, etc., in and around the town of Winnfield, Louisiana; that he was required by defendant to use a bicycle on the streets and highways in the discharging of his duties, and was necessarily forced to traverse said streets and highways when burdened with heavy motor vehicular traffic.

Defendant excepted to the petition as disclosing no right of action as to Mrs. Horton, for the reason that the right of action alleged upon, if any exists, rests solely in the father. The petition was excepted to as disclosing neither a cause nor a right of action, as to the father, on the ground that: " * * * there is no allegation that plaintiff's son was engaged in a hazardous employment incident to or in the course of the trade, business or occupation of the defendant, which trade, business or occupation was within itself hazardous under the Workmen's Compensation Law of Louisiana."

The exceptions were all sustained. The suit was dismissed. Plaintiffs appealed devolutively.

### Motion to Dismiss Appeal.

Defendant moved to dismiss the appeal for the reason that prior to the perfection thereof, plaintiffs, on their own motion, were granted a devolutive appeal to this court which they abandoned by not perfecting prior to return day. In other words, that having been granted an order of devolutive appeal and not perfecting the appeal by the furnishing of required bond within legal delay, plaintiffs, thereby, for all time, lost, by abandonment, the right to appeal devolutively from the judgment. Art. 594 of the Code of Practice; Brickell

et al. v. Conner et al., 10 La.Ann. 235; Jenkins v. Bonds, 3 La.Ann. 339, and Sterling v. Sterling's Heirs, 35 La.Ann. 840, are relied upon to sustain this position.

The cited article of the Code of Practice, in part, reads: "From the moment when the citation of appeal is served on the appellee, the appellant can not withdraw his appeal, * * *".

It is contended by appellee that since the first order of appeal was moved for and granted in open court, this was the equivalent to citation of appeal and that thereafter the appellants were without right to withdraw the appeal directly, or indirectly by abandoning the same through failure to timely give the required bond.

Appellee concedes that if plaintiffs had originally procured orders of appeal, suspensive and devolutive, and had not perfected either appeal, they could, within one year from the date of judgment, appeal devolutively; and that had they originally appealed suspensively and failed to perfect the appeal, this failure would not bar them from thereafter appealing devolutively.

It is well settled by recent adjudications of the Supreme Court in construing Art. 594 of the Code of Practice, and other pertinent laws, that an appeal is not, in the true sense of the word, "taken" until the order granting the same has been made effective by filing the required bond within the delay fixed by law. Service of citation of appeal is abortive unless the bond is timely filed. The order of the court granting the appeal is without operative effect until and unless the bond is timely filed. Until such bond is filed there is no appeal to abandon. When the bond is filed the appeal is "taken"—perfected—and the right of all parties concerned, fixed. The filing of the appeal bond, save for restricted purposes, completely divests the trial court of further jurisdiction in the case. Jurisdiction is retained for all purposes until the bond is filed. The cases cited and relied upon by appellee have been tacitly, if not expressly, overruled by the more recent jurisprudence. Police Jury of Parish of St. James v. Borne et al., 192 La. 1041, 190 So. 124; Vacuum Oil Company v. Cockrell, 177 La. 623, 148 So. 898; Lafayette et al. v. Farr et al., 162 La. 385, 110 So. 624.

All of these cases hold that the appeal is not "taken" or perfected until the bond has been timely filed and that a devolutive appeal is available to the appellant for one year from the date of the judgment, although the first appeal was not perfected. But, appellee calls attention to the fact that in neither of these cases did the appellant first take only a devolutive appeal.

In Police Jury of Parish of St. James v. Borne et al., supra, and in other cases, orders for suspensive and devolutive appeals were simultaneously granted. In such instances the appellant could have perfected either appeal by giving appropriate bond because he had been granted two different appeals. It was optional with appellant to perfect either, both or neither of them. Neither was perfected, but thereafter a new order of devolutive appeal was procured and the appeal perfected. The court upheld these appeals as being valid.

We can perceive no difference in legal contemplation between such cases and the present one in which only a devolutive appeal was granted in each instance. We do not think there is any difference.

In Marine Oil Company, Ltd., v. Cutler Bros. Inc., et al., La.App., 179 So. 485, 487, this court held squarely contrary to defendant's contention here. We said therein: "With reference to the obtaining of more than one order for a devolutive appeal during such term or session, appellants' counsel, in their brief, correctly give our view when they state that 'the appellant can secure as many orders of devolutive appeal as he desires where he has not attempted to perfect the same by filing a bond. Since the appeal could not be perfected without filing a bond, there is no way to abandon something that never existed.' "

The motion to dismiss is not well founded. It is overruled.

Counsel of appellants now concedes that the exception of no right of action directed against Mrs. Horton's right to sue herein is well founded. The judgment sustaining it is admitted to be correct. There can be no dispute on the question. Civil Code, Art. 221, as amended; Scarborough v. Louisiana Railway & Navigation Company, 145 La. 323, 82 So. 286; In re Monrose et al. 187 La. 739, 757, 175 So. 475.

Counsel also concede that if recovery is allowed, the term should be limited to one hundred (100) weeks as in case of serious permanent disfigurement. Subsection 1, Par. (d) 16 of Section 8, of the Employer's Liability Act, Act No. 242 of 1928, p. 358.

But, plaintiff does seriously insist that defendant's business is hazardous. He admits, as is true, that the telegraph business is not eo nomine declared hazardous by the act but contends that since the conduct of its business necessarily involves dealing with and operating wires and cables charged with electrical current, thereby its business is made hazardous.

The act does declare that those engaged in "the construction, installation, *operation*, alteration, removal or repair of wires, cables, switchboards or apparatus charged with electrical current" are conducting a hazardous business. Act No. 20 of 1914, § 1, subd. 2(a).

Defendant does not entirely dissent from the position taken by plaintiff. Its counsel in brief says: "* * * The Louisiana statute does not declare that the telegraph business is a hazardous occupation. One branch of its business, that dealing with electric cables, etc., is declared to be hazardous (but here the boy was employed in an entirely different part of the business) * * *".

Therefore, in view of the foregoing epitome of the respective positions of the parties, the sole issue for decision is whether the injuries to the son are compensable, since the petition clearly discloses that his duties of receiving and delivering messages did not bring him in close proximity to nor contact with the hazardous phase of his employer's business. On this issue, the case is with defendant.

■ It is well settled that where an employer's business consists of hazardous and non-hazardous lines or departments, injuries to an employee whose duties require him to perform services in both departments are compensable, although when injured, services were being rendered in the non-hazardous part of the business. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.

■ It is as equally well settled that in cases where the principal business of an employer is non-hazardous, but in connection therewith or incidental thereto a subsidiary line of business is conducted which is declared by the act to be hazardous, an employee injured while performing duties in the hazardous line is entitled to compensation. Stockstill v. Sears-Roebuck & Co., La.App., 151 So. 822; Staples v. Henderson Jersey Farms, Inc., La.App., 181 So. 48; McAllister v. Peoples Homestead &

Savings Association et al., La.App., 164 So. 444.

■ And it is also definitely settled that in cases where the principal business of the employer is hazardous, this fact does not per se bring all employees under the protection of the Employer's Liability Act. An employee, whose duties are non-hazardous, if injured while performing such duties cannot recover compensation. Mitcham v. Urania Lumber Co., Ltd., et al., La.App., 185 So. 707; Gray et al. v. Tremont Lumber Company, La.App., 185 So. 314, and cases therein cited; Dewey v. Lutcher-Moore Lumber Co. 151 La. 672, 92 So. 273; Caldwell v. Geo. Sproull Company, 184 La. 951, 168 So. 112.

■ If an employee of defendant were injured by accidental falling or otherwise while repairing or altering its electric wires or cables, it would hardly be argued that compensation would not be due him. But can it be said that compensation is due a messenger boy, injured while in the performance of his duties, whose first duty is to receive telegrams from his superior in defendant's office, and secondly, deliver them to whom addressed? We do not think so. No part of the boy's duties exposed him to any extent to the hazardous phases of his employer's business; no more so than would a bookkeeper for a sawmill company. It would hardly be contended that the bookkeeper, if injured in the office or on a street while discharging his duties, could recover compensation. Plaintiff's case falls squarely within the dictum of the Gray case, supra.

■ It is also argued by plaintiff that his son's employment was of a hazardous character because it was required of him that he use a bicycle in delivering messages and that to do so he was exposed to the dangers and hazards of motor vehicle traffic on the streets and highways. This contention is untenable. Primarily, it is the nature of the employer's business, trade or occupation that determines the right or lack of right to compensation, and not the difficulties or dangers the employee encounters in the discharge of his duties. To illustrate: A clerk in a dry goods store might be injured while trying to collect a bill from the engineer of a sawmill. No compensation would be due the clerk, although he exposed himself to dangers and was injured in contacting the engineer at his post of duty.

This principle is affirmed in Dejan v. Ujffy, 14 Orleans App. 230 et seq., and in Stockstill v. Sears-Roebuck & Company, supra.

Appellant insists that the case should be remanded to the end that all the facts might be developed on trial of the merits. It has been the uniform rule of this court in passing on exceptions of no cause and no right of action, to remand cases for trial on the merits if it appeared uncertain that the exceptions were well founded. But where it clearly appears that the exception of no right of action is well founded, that is, where it is clear that plaintiff is without right to sue, conceding the truth of all his allegations, it is the correct and uniform rule to sustain the exception and end the litigation. In the present case, it would be a useless prolongation of the suit to remand the case for trial on the merits. The ultimate result would not benefit plaintiff.

The judgment appealed from is correct. It is hereby affirmed with costs.