Mrs. Ruth Kelieher, the plaintiff, alleges that she was the former owner of the premises known as No. 2297 LaBarre Road, Jefferson Parish, Louisiana, and that she sold the property to the defendant, Denis Loup, on June 27, 1945, by act before Frank William Magne, Notary Public. There were seven apartments in the building and in the one occupied by Mrs. Homa Gravois were five Venetian blinds. Mrs. Kelieher contends that the blinds belong to her, having been left with Mrs. Gravois temporarily at her request. Denis Loup, the purchaser of the building, refused to permit Mrs. Kelieher to remove the blinds on the ground that they were immovable by destination. Mrs. Kelleher sought and obtained a writ of sequestration joining Mrs. Homa Gravois as party defendant. The defendant, Denis Loup, bonded the writ of sequestration and filed a motion to dissolve, averring that the blinds became his property when he acquired the realty to which they were attached. Mrs. Gravois answered denying the plaintiff's ownership of the blinds and reconvened claiming damages *Page 305 
in the sum of $5,000 for illegal entry into her apartment.
The lower court dissolved the writ of sequestration and dismissed plaintiff's suit. The judgment also dismissed the reconventional demand of Mrs. Gravois and recognized Denis Loup as the owner of the Venetian blinds. Plaintiff alone has appealed.
The sole issue in the case is whether the Venetian blinds, when installed, became part of the realty as immovable by destination.
No case has been cited to us by either counsel which is directly in point and our own research has failed to reveal any.
The articles of our Civil Code, pertinent to the question under consideration, are Nos. 468 and 469, which read as follows:
468. "Things which the owner of a tract of land has placed upon it for its service and improvement, are immovable by destination.
"Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to-wit:
* * * * * *
"All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination."
469. "The owner is supposed to have attached to his tenement or building forever such movables as are affixed to the same with plaster, or mortar, or such as can not be taken off without being broken or injured, or without breaking or injuring the part of the building to which they are attached."
In discussing these articles, the late Judge Parlange of the United States District Court for the Eastern District of Louisiana, in an able and interesting opinion, observes:
"Those articles are taken textually from the Code Napoleon, except that as they now stand in the Louisiana Civil Code there is in article 468 (459) a serious error in the translation from the French text of the Louisiana Code of 1825 and from the Code Napoleon in rendering the French word 'exploitation' into the English word 'improvement' in the English text." Morton Trust Company v. American Salt Co., 5 Cir., 149 F. 540, 542.
Judge Parlange, after calling attention to the fact that where there is a conflict between the French and English text of the Louisiana Code of 1825, the French text must prevail, proceeds to point out that the word "exploitation" has quite a different meaning from the word "improvement." To quote further from his opinion:
"The first condition for the creation of an immovable by destination is that it be placed by the owner, and no other, upon realty. This realty, as must be clearly borne in mind, may be either land or a building erected upon land. This realty, under its double aspect just mentioned, is called by the French commentators 'fonds' from the Latin 'fundus.' No English word occurring to me which seems to render fully this word, I shall use the word 'fundus' for brevity.
"There are two, and only two, ways in which an immovable by destination may be created:
" '(1) Without any physical attachment to the fundus, but merely by the dedication of the movable to the service of the fundus. (See Civ. Code La. art. 468). (2) By means of a physical attachment affixing the movable permanently — a perpctuelle demeure. (See Civ. Code La., last paragraph of article 468).'
"The above is an extract from Planiol, Droit Civil (Paris Ed. 1904) vol. 1, p. 703.
* * * * * *
"It should be noticed that in the last paragraph of Civ. Code La. art. 468 (459), it is said that 'all such movables as the owner has attached permanently, etc., are likewise immovables by destination.' And in the first part of Civ. Code La. art. 469 (460), it is said: 'The owner is supposed to have attached to his tenement or building forever such movables as are affixed to the same with plaster,' etc. The words 'permanently' and 'forever' in the articles just cited are translations from the French phrase 'a perpetuelle demeure', which may be rendered as 'to remain perpetually.' It is important to consider this idea of permanency and perpetuity, and to clearly *Page 306 
comprehend that it applies only to that kind of movables which are made immovables by destination by means of a physical attachment to the fundus, and that it has no bearing at all on the other kind. Baudry-Lacantinerie, Droit Civil, Des Biens (Paris Ed. 1890) vol. 5, p. 59, states his understanding of the law to be:
" '* * * All the objects attached to a fundus by the owner for its service and exploitation are by that fact alone immovables by destination, whether they are placed there forever or not. * * * All movable objects also become immovables by destination, which an owner has attached to his fundus forever in another interest (the author meaning an interest other than the service and exploitation of the fundus); such, for instance, as a purpose of utility to or ornamentation of the fundus. Therefore, perpetuity does not seem necessary except when the immobilization takes place in an interest other than the agricultural or industrial benefit of the fundus.'
"The same author, same work and volume (page 56) states the essentials of immobilization to be:
" '(1) That the movable was placed on a fundus, that is to say, an immovable by nature (either land or a building); for the movable can only become an immovable by destination as being an accessory to the fundus. (2) That the movable was placed there in the interest of the fundus, that is to say, for its service, its exploitation, its utility or its ornament. (3) That it was placed there by the owner of the fundus. Immobilization by destination necessarily supposes the act of the owner. It could not result from the act of a lessee, a renter, or even a usufructuary. The reason is that immobilization by destination takes place in the interest of the fundus, and the owner is the sole representative of that interest.'
"Planiol, in the work and volume cited, supra, at page 703, gives a test, which is that the movable in order to become immobilized must be employed in the service of the fundus, and not in the service of the person who owns the fundus. Thus, saddle. and carriage horses on a plantation, used for the pleasure and convenience of the person of the owner, are not immovables by destination, whereas a plantation horse owned by the owner of the plantation, and used by the overseer to superintend the plantation work, would unquestionably be an immovable by destination. Thus, again, in France, the horse used by a brewer to turn a mill or other machinery in the brewery is an immovable by destination; but, on the other hand, the horse used outside of the brewery to convey beer to the shopkeepers is not."
Chief Justice O'Niell in Straus v. City of New Orleans,166 La. 1035, at page 1050, 118 So. 125, refers to Judge Parlange's opinion and his comment on the French word "fonds" and elaborates upon the mistakes that were made in translation of the French text. Judge O'Niell says that the French word "fonds" has also been erroneously interpreted as tenement in the concluding paragraph of Article 468. Sec interesting discussion of the subject in Tulane Law Review, Volume 5, page 90.
There are two classes of movables which become immobilized:
1st, those permanently attached to the building by plaster or mortar, and
2nd, those which are essential to the use or service of the building or tenement or "fonds."
Insofar as the Venetian blinds are concerned they can not qualify in the first category, the evidence indicating that they are held in place by brackets attached to the window frames by screws and are in no sense attached to the building by plaster or mortar.
In Mackie v. Smith, 5 La. Ann. 717, 52 Am.Dec. 615, mirrors were held to be immovable by destination because they were permanently attached to the building. The mirrors were set in recesses 4 1/2" deep, which were cut in the walls of the rooms to receive them and were otherwise permanently attached to the property. The removal of these mirrors left the recesses rough and unfinished. That case, however, is not authority here, where the removal of the Venetian blinds would leave nothing more than the bracket which had been installed for their support.
Venetian blinds, it seems to us, are more like window shades than anything else that we can think of. In fact they seem *Page 307 
to have replaced window shades. Whether the blinds may be said to have been immobilized because they are dedicated to the service of the "fundus" is not so clear. The law is to the effect that the service referred to is not personal, but intended for the permanent improvement of the building or dwelling as the case may be. This contention is the only one pressed by defendant's counsel, for we find in his answer and in his motion to dissolve the writ of sequestration no reference to the question of permanent attachment.
In Day v. Goff, 2 La. App. 75 (Second Circuit, 1925), the court, in discussing whether showcases, typewriters, iron safes, adding machines, heaters, etc., were immovable by destination because of their having been dedicated to the use of the building, said:
"There is no pretence that they are permanently attached to the building either by plaster, mortar or in any other way which would prevent their being taken off without breaking or injuring them or the building. The claim, as we understand it, is merely that they are attached in a legal sense because placed in the building for its service and improvement. But it is apparent from the nature of the items and from their not being so permanently attached that they were not placed in the building for the purpose of serving or improving it but rather for the convenience of the particular kind of business that was being conducted in it."
We believe the same may be said of the Venetian blinds, for it would appear that they are intended primarily for the use of the occupant of the building and not for the service or improvement of the building, therefore, they did not pass with the realty and the former owner of the property, Mrs. Ruth Kelieher, is entitled to their possession.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that Mrs. Ruth Kelieher, wife of Frank Kelieher the plaintiff, be declared to be the owner of the five Venetian blinds installed in the apartment occupied by Mrs. Homa Gravois in the building No. 2297 LaBarre Road, Jefferson Parish, State of Louisiana, and that the writ of sequestration heretofore issued be reinstated. Defendant to pay the costs of both courts.
Reversed.
Writ of sequestration reinstated.