No. 1248.

JOHN T. HARDIE & CO. VS. JOHN A. COLVIN. S. S. TATUM ET AL., INTERVENOR.

1. An attorney at law, employed in any given case where attachment process is requisite, is authorized to make the necessary oath, without other procuration.
2. A party intervening in a suit and joining the defendant in resisting the plaintiff's demands, must for himself appeal from a general judgment against defendant and intervenor, otherwise he can not obtain relief therefrom. An appeal by the defendant will not suffice for that.

A defendant who alleges in his answer the untruthfulness of the plaintiff's affidavit for attachment must make out the charge by a fair preponderance of proof.

APPEAL from the Third District Court, Parish of Lincoln. *Barksdale, J.*

*Price & Pollard* for Plaintiffs and Appellees.

*Boatner & Lamkin* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. Several creditors of the defendant obtained attachments against him, and under their respective writs concurrent seizures were made; and the property being insufficient to satisfy all, strife arose between them as to their rights to priority of payment—this right of priority not depending upon the nature of the debts, or date of seizure; but each party, in turn, relying upon alleged acts of fraud, or misconduct on the part of the other, to defeat the seizures, respectively.

In this case, plaintiff's suit is predicated on a large debt of defendant, to which no defense is urged—the only defense being that assigned to the regularity of the attachment proceedings, the falsity of the affidavit, and a claim made in reconvention for $21,000 damages for wrongful issuance of the writ.

On the trial there was judgment in favor of the plaintiffs for the sums of $7,458.21 and $1,671.36, with interest, sustaining, and enforcing their attachment, and recognizing their privilege on the property attached—other rights being reserved. It further decreed that the demands of the intervenors be rejected, except in one or two unimportant particulars which need no mention.

From this judgment the defendant alone has prosecuted a devolutive appeal; and the intervenors, having acquiesced in the judgment, have passed out of the case. So the appeal must be considered in the light of the issues made up between plaintiff and defendant, and which may be enumerated as follows, viz.: (1) that the person who made the affidavit for the attachment was wholly without authority; (2) that said affidavit is untrue.

## II.

The affidavit for attachment was made by J. A. Pallard, of the law firm of Price & Pallard, who are the attorneys for the plaintiffs, and prepared and filed this suit.

It is conceded that the only power, or authorization the affiant had in the premises, was such only as arose from the relation of his law-partnership with the plaintiffs in this case.

The point taken by defendant's counsel is, that under the express provisions of the 244th Article of the Code of Practice, the affidavit *must* be made by the creditor, *his agent or attorney in fact*, and that an affidavit made by any one else is without efficacy and void.

That Article reads as follows, viz.:

"In cases where the debt or obligation is not yet due, such attachment may be granted on the oath of the creditor, or *his agent or attorney in fact*, if such creditor be absent; and it shall be lawful for any judge of competent jurisdiction to order a writ of attachment to issue whenever the said judge shall be satisfied by the oath of the creditor, or his agent or *attorney*, of the existence of said debt; and upon the said creditor, his *agent or attorney in fact*, taking oath to the requisites contained in any one of the numbers one, two, three, four or five, of Article 240, or swears that said debtor is about to remove his property out of the State before said debt becomes due; and it shall be sufficient for the oath required to be taken by the *agent or attorney in fact* to be the best of his knowledge and belief."

If this Article stood by itself, uncoupled with any other provision of the Code *in pari materia*, there might be serious question of the authority of an attorney at law to make an oath; but whilst in this Article the phase *"his agent or attorney in fact"* is *thrice* employed, this phrase occurs once, to-wit: "And it shall be lawful for any judge of competent jurisdiction to order a writ of attachment to issue whenever the said judge shall be satified by the *oath of the creditor*, or *his agent*, or *attorney*, of the existence of said debt," etc.

In addition to this we have another provision which is found under the title "of the arrest of the debtor," which is as follows, viz.:

"And in *all cases*, when by *any* provision of this Code an oath of a party is required, it may be (in case of the absence of said party) made by *his agent or attorney*," etc.   C. P. 216.

So if it be conceded that in the revision of the Code in 1870 the word "attorney" was *ex industra* omitted from Article 244, it appears to have been just as industriously interpolated in Article 216 of the revised code, and the alleged omission supplied. It is quite impossible for us to conceive in what way Article 244 is to be treated and considered as a later expression of the legislative will than Article 216, both being brought forward in the same revision, and covered by the same act of the Legislature.

Defendant's counsel rests his pretension exclusively on the first quoted article of the Code of Practice, and has cited us to no decision of this court expressing concurrence in that view, and we know of none.

It is not denied that, antecedent to the revision, an attorney at law, employed in any given case where attachment process was requisite, was authorized to make the necessary oath without other procuration. Fulton vs. Brown, 10 An. 350; Dwight vs. Weir, 6 An. 706.

Since the revision we are not aware of an attorney's possession of such authority being questioned.

This objection is not well grounded.

## II.

On the merits a vast number of witnesses were introduced *pro* and *con*, and an immense quantity of testimony taken on the prolix and exceedingly complicated and involved issues which have been raised —very much of it being applicable to the demands and complaints of the intervenors—and, as defendant's counsel states in his brief, we likewise conclude, that " to attempt to refer to it, even in brief, would be an useless and unnecessary task," and we shall, therefore, content ourselves with the statement of our conclusions.

The grounds alleged in petition for attachment are that the defendant has mortgaged, assigned, or disposed his property, rights and credits, or was about to mortgage, assign, or dispose of same, with intent to defraud his creditors, and that he was about to convert his property into money, or evidences of debt, with intent, to place the same beyond the reach of his creditors.

The relations existing between plaintiffs and defendant were those of factor and customer, and in the course of their dealings the latter had fallen in arrears to the former well nigh $12,000. The proof is

furnished over the defendant's own signature, that he had frequently told the plaintiffs that his indebtedness to them was, practically, all owed any one, and that his business was prospering and prosperous; whilst, on the contrary, the fact was, that he owed very largely, and was virtually insolvent.

On the faith of these representations, plaintiff accepted from defendant an act of mortgage as security for his account, and consented that same should not be placed on record. In the interim, the defendant's consignments of cotton became suspiciously " smaller by degrees," and plaintiffs' anxiety became aroused, and their account was placed in the hands of counsel. Soon afterward another mortgage in favor of another creditor of defendant's was recorded, and also sundry other claims; and several creditors of his instituted the attachment suits above mentioned.

There are other circumstances pointing to the defendant's bad faith, with the plaintiffs, and contemplated and partly completed fraudulent transactions, which influenced their course of procedure—such as his disposition of cotton, goods, and book accounts, out of the regular course of his mercantile business. And it was on the faith of these transactions and proceedings that plaintiffs caused their mortgage to be recorded, and the defendant's property to be attached.

In all this, we can not perceive any ground for criticism or complaint against them.

The proof abundantly shows the truthfulness of the affidavit of plaintiffs' attorney; and we think the judge *a quo* properly sustained their attachment. In this view of the case the defendant sustained no damages.

Judgment affirmed.