## VOLUME 153

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1921
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1922

(95 South. 261)

No. 25269.

### MADONIA v. MEYER et al.

(May 29, 1922. On Second Motion to Dismiss, Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ☞796—Trustee not made party or authorized to defend for bankrupt cannot move to dismiss appeal.**

Where defendant's trustee in bankruptcy was not a party in the district court, and has not been made a party on appeal by any order of the Supreme Court, or authorized to defend for the bankrupt by any order of the bankruptcy court, under National Bankruptcy Act, § 11 (U. S. Comp. St. § 9595), he is without any legal authority or standing to file a motion to dismiss.

O'Niell and Dawkins, JJ., dissenting.

On Second Motion to Dismiss.

*(Syllabus by the Court.)*

2. **Appeal and error ☞1106(4)—In case of dispute as to whether party has been divested of interest, case will be remanded for trial of such issue.**

Where on appeal a controversy arises whether the appellant has been divested of his interest in the suit, the case will be remanded to the court a qua to determine that issue.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by Joseph Madonia against Junior Meyer and another. From a judgment dismissing a rule for judgment filed by plaintiff, and staying all proceedings, plaintiff appeals. Case remanded.

Theo. Cotonio, of New Orleans, for appellant.

Eldon S. Lazarus, Sol. Weiss, and Herbert S. Weil, all of New Orleans, for Welsch, trustee in bankruptcy for Charles Wetmore.

On Motion to Dismiss Appeal.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

LAND, J. [1] The plaintiff instituted suit against defendants, Junior Meyer and Charles Wetmore, residing and doing business in the city of New Orleans, under the firm name of "Midget Shirt Shop," to re-

153 LA.—1

2

cover the sum of $5,000 for the rent of the leased premises, No. 112 St. Charles street, in said city, and provisionally seized the stock of goods on said premises.

On January 19, 1922, the defendant Charles Wetmore filed an answer to plaintiff's petition, alleging that he had been adjudged a bankrupt by the United States District Court of the Eastern District of Louisiana in the matter entitled "Cluett, Peabody, Inc., et al. v. Midget Shirt Shop, No. 2535," on the docket of said court, and prayed that plaintiff's suit be dismissed at his cost.

On January 20, 1922, plaintiff filed a rule on the defendant Charles Wetmore to show cause why judgment should not be rendered in favor of plaintiff on the face of the petition and answer.

On January 27, 1922, the defendant Charles Wetmore, suggesting to the lower court that he had been adjudged a bankrupt, prayed that all proceedings should be stayed against him.

This motion and the rule to take judgment on the face of the pleadings were disposed of by the trial judge on February 15, 1922, and judgment was rendered by him, dismissing the rule and staying all proceedings until the further orders of the court.

On February 25, 1922, plaintiff appealed from this judgment to this court.

The alleged trustee in bankruptcy of the defendant Charles Wetmore has filed a motion to dismiss this appeal on several grounds, which it is not necessary to mention or discuss, as the alleged trustee was not a party to the suit in the civil district court for the parish of Orleans, nor has he been made a party to this suit on appeal by any order of this court, nor has he been authorized to defend this suit for the bankrupt by any order of the bankruptcy court, as required by section 11 of the National Bankruptcy Act of 1898 (U. S. Comp. St. § 9595). The alleged trustee is therefore without any legal authority or standing in this court to file the motion to dismiss.

It is therefore ordered that the motion to dismiss the appeal in this case be overruled.

### On Second Motion to Dismiss.

### By the WHOLE COURT.

ST. PAUL, J. [2] The motion to dismiss this appeal was denied on May 29, 1922. It is now alleged that subsequent thereto, to wit, on June 30, 1922, all the right, title and interest of the plaintiff herein was seized and sold by the civil sheriff of the parish of Orleans to Leopold Welsch, trustee in bankruptcy of Chas. Wetmore, to wit, in the suit of David Dahlman v. Joseph Madonia, and a sheriff's deed has been furnished us purporting to show such an adjudication.

If the facts be as alleged, then it is clear that Joseph Madonia has no further interest in this litigation, and that the aforesaid trustee in bankruptcy is the Dominus Litis, who may dispose of this appeal as he may judge proper, without let or hindrance by said Madonia. And the trustee now opposes the further prosecution of this appeal for the present.

But counsel for Madonia admits neither the sale nor the validity thereof, and we are not in a position to pass in the first instance upon the merits of the controversy which thus arises. The case must therefore be remanded to the court a qua for the trial of that issue.

### Decree.

It is therefore ordered that this case be now remanded to the court a qua to try the issue whether the interest of Joseph Madonia herein has been divested by the alleged sheriff's sales, and vested in Leopold Welsch, trustee in bankruptcy of Chas. Wetmore, and that all further proceedings herein await the final determination of that issue.

O'NIELL and DAWKINS, JJ., dissent.