(113 So. 828)

No. 28212.

McMICHAEL v. THOMAS (HENDERSON, Intervener).

Feb. 28, 1927. On Motion to Dismiss April 25, 1927. On the Merits July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬥1106(4)—Where on appeal controversy arises whether appellant has been divested of interest in suit, case will be remanded to determine that issue.**

Where dispute has arisen on appeal as to whether the plaintiff has been divested of his interest in the suit, the case will be remanded to the court from which it came for the trial of that issue.

2. **Appeal and error ⬥1106(4)—Where defendant claimed on appeal that he had purchased plaintiff's interest in suit, case remanded for trial on this issue.**

Where the defendant moved to dismiss an appeal on the ground that all the right, title,

and interest of plaintiff had been bought by defendant on execution sale, the case was remanded to the court from which it came to determine issue as to plaintiff's interest.

3. **Appeal and error ⬥780(2)—When defendant purchased claim against himself pending appeal, appeal was dismissed on ground of confusion.**

Where defendant purchased a claim against himself after plaintiff had appealed from a judgment for defendant, defendant's motion to dismiss the appeal was granted.

4. **Appeal and error ⬥803—Intervener's appeal held not affected by dismissal of plaintiff's appeal on ground of confusion.**

Where plaintiff and intervener both appealed, and plaintiff's appeal was dismissed after defendant purchased plaintiff's claim, *held*, that intervener's appeal was not affected.

5. **Appeal and error ⬥803—Dismissal of appeal would be equivalent to affirmance, and renewal of suit would be barred by res judicata plea.**

Where an intervener appeals, the dismissal of his appeal would be equivalent to affirming the lower court's judgment, and, if the intervener should thereafter renew his suit, he would be confronted with a res judicata plea, barring further proceedings.

**On the Merits.**

6. **Judgment ⬥244—Judgment adverse to intervener, without mentioning intervention, is rejection of intervener's petition.**

Where a judgment was adverse to an intervener, and did not refer to the petition of intervention, it was in fact a rejection of his petition.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Action by Artie W. McMichael against I. L. Thomas, wherein A. H. Henderson intervenes. From a judgment for defendant, plaintiff and intervener appeal. Remanded to try fact issue. After trial, plaintiff's appeal was dismissed. Affirmed as to intervener.

B. T. Dawkins, of Alexandria, and S. N. Young, of Shreveport, for appellant McMichael.

Barksdale, Warren & McBride, of Ruston, for appellant Henderson.

Hawthorn & Stafford, of Alexandria, for appellee.

LAND, J. The present suit is No. 17492 on the docket of the Ninth judicial district court for the parish of Rapides, and is an action to annul a certain sale of stock in the Thomas Gravel Company from defendant to plaintiff, on the ground of fraudulent representations alleged to have been made to plaintiff by defendant prior to the sale in question as to the amount of net dividends paid on the capital stock of said company in the year 1924.

It is alleged in plaintiff's petition that A. H. Henderson signed two notes with plaintiff for the credit portion of the purchase price of this stock, and Henderson, as intervener, has joined plaintiff in the demand for the rescission of the sale.

From a judgment rejecting plaintiff's demand, plaintiff and intervener have appealed.

The transcript in this case was filed September 26, 1926. The motion to dismiss is predicated upon the allegation that, since the appeal has been lodged in this court, all of the right, title, and interest of A. W. McMichael in the present suit has been seized and sold in execution of the judgment obtained by the First National Bank of Pineville against A. W. McMichael, in suit No. 17919 on the docket of the Ninth judicial district court for the parish of Rapides, and has been acquired by Ira L. Thomas, defendant herein.

The notice of seizure in suit No. 17919 was filed in this case December 6, 1926, and we find annexed to the motion to dismiss a procès verbal reciting the seizure, advertisement for sale on December 8, 1926, and the sale on January 15, 1927, to the defendant, Ira L. Thomas, of all the right, title, and interest of the plaintiff, A. W. McMichael, in the suit now before us on appeal.

It is clear from the above statement that the issue whether plaintiff has any interest in the present suit is a question of fact which has not been tried in the court below, and is presented on appeal for the first time.

[1, 2] Where, on appeal, a controversy arises whether the appellant has been divested of his interest in the suit, the case will be remanded to court a qua to determine that issue. Madonia v. Meyer et al., 153 La. 2, 95 So. 261.

It is therefore ordered that this case be remanded to the district court for the parish of Rapides to try the issue whether the interest of plaintiff in the present suit has been divested by the alleged sheriff's sale and vested in defendant herein, and that all further proceedings in this case await the final determination of that issue.

On Motion to Dismiss.

The evidence taken in the court below upon the remanding of this case is now before us. It appears from the evidence that, since the appeal has been lodged in this court, the appellant, A. W. McMichael, has been divested of his interest in the present suit, and that said interest has become vested in Ira L. Thomas, defendant and appellee, by virtue of his purchase of same at sheriff's sale made on January 15, 1927, in execution of judgment obtained by the First National Bank of Pineville against A. W. McMichael in suit No. 17919 on the docket of the Ninth judicial district court of the parish of Rapides.

[3] It is clear, therefore, that whatever right of action plaintiff may have had in the present suit has become extinguished by confusion through the acquisition of such right by defendant.

When a defendant purchases a claim against himself, he can move to dismiss the suit on the ground of confusion. Nugent v. McCaffrey, 33 La. Ann. 271; R. C. C. art. 2217.

The motion to dismiss the appeal as to the plaintiff must prevail.

The question yet to be decided is whether

the rights of A. H. Henderson, intervener, remain to be determined as between him and the defendant.

[4] The intervener did not acquiesce in the judgment of the lower court rejecting his demand, but has appealed.

As the judgment against the intervener cannot be brought before us by plaintiff's appeal from the judgment against himself, it is clear that the appeal taken in this case by the intervener is separate and distinct from that prosecuted by the plaintiff, and cannot be affected by the dismissal of plaintiff's appeal. White v. Fifth Regular Baptist Church, 31 La. Ann. 521; Lane v. Clarke, 27 La. Ann. 201; Coleman v. Haight, 14 La. Ann. 564.

[5] Necessarily intervener has the right to be heard on appeal, and to have the judgment rendered against him changed, if erroneous, as a dismissal of his appeal would be equivalent to affirming the judgment of the lower court, and, if hereafter intervener should renew his suit, he would be confronted with a plea of res adjudicata as a bar to any further proceeding.

To dismiss intervener's appeal would be equivalent, therefore, to rendering a final judgment against him without a hearing, and for this reason the motion to dismiss as to intervener must be denied.

It is therefore ordered that the motion to dismiss the appeal in this case be sustained as to the appeal of the plaintiff, but denied as to the appeal of the intervener, at the cost of defendant.

On the Merits.

O'NIELL, C. J. [6] A. W. McMichael brought suit against I. L. Thomas to annul a sale of 825 shares of stock in the Thomas Gravel Company, Inc., made by Thomas to McMichael, on the ground of fraudulent misrepresentation of the value of the stock. A.

H. Henderson intervened in the suit, claiming that he was the purchaser of 160 of the 825 shares of stock, and therefore had an interest in joining in the plaintiff's action to annul the sale. Answering the petition of intervention, the defendant denied that he had sold any of the stock to Henderson, or had had any dealings with him, and averred that he had merely accepted Henderson's indorsement on McMichael's promissory notes for a part of the price of the 825 shares of stock sold to McMichael. Henderson did not appear at the trial of the case, either in person or through his attorneys, and no evidence whatever was offered in his behalf to show that he had bought any of the capital stock from the defendant. The court gave judgment in favor of the defendant, rejecting the plaintiff's demand, without referring to the petition of intervention. Treating the judgment as a rejection also of his petition of intervention—which in fact it was—Henderson appealed. McMichael also appealed from the judgment. Thereafter a creditor of McMichael, having a judgment against him, seized his interest in the suit, and I. L. Thomas bought McMichael's interest in the suit at the sheriff's sale. The claim of McMichael against Thomas being thus extinguished by confusion, McMichael's appeal was dismissed by a decree of this court.

As far as the record shows, Henderson did not buy any of the stock from Thomas, but perhaps acquired a part of the 825 shares by agreement with McMichael. The judgment appealed from is therefore correct as far as Henderson is concerned. His attorneys did not argue the case or file a brief in his behalf, and perhaps concede that the judgment is correct as to his intervention.

The judgment is affirmed, so far as A. H. Henderson, intervener, is concerned.