## No. 623

### First Circuit

———

## YORK v. BATON ROUGE ELECTRIC CO. WILLIAM EBERHART, Intervener

———

(April 14, 1930. Opinion and Decree.)
(May 6, 1930. Rehearing Refused.)

———

Taylor & Parker, of Baton Rouge, attorneys for plaintiff, appellant.

Breazeale & Sachse, of Baton Rouge, attorneys for intervener, appellee.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J. A guy wire, while being handled by James York, employee of William Eberhart, came into contact with a high voltage wire of the Baton Rouge Electric Company, with the result that said York was killed. The guy wire was being attached to and was for the purpose of bracing a derrick which the said Eberhart was erecting preparatory to putting down a deep well for the East Louisiana Hospital on the grounds of the said hospital at Jackson, La.

The plaintiff is the widow, and the children, all of whom are minors, are the issue of her marriage with said York. The plaintiff is the natural tutrix of her children.

She brought suit individually and as tutrix against the Baton Rouge Electric Co. for $15,000 damages on account of the death of her husband, the father of her children. She alleges that said guy wire, while being handled by her husband for said purpose, came into contact with an uninsulated high voltage wire of the said electric company, containing upwards of 23,000 volts, with the result that he was thereby instantly killed. William Eberhart, by whom the decedent was employed, was permitted to intervene in the suit. He alleges, as the basis of his right to intervene, that, in compliance with his liability to the plaintiff, as the employer of her husband, he has

paid to her, under the Employers' Liability Act of Louisiana (Act No. 20 of 1914, as amended), the sum of $2,500 in full settlement of her claim against him on account of her husband's death.

That he is therefore entitled to be reimbursed the said sum which he had paid. He joined the plaintiff and prays that there be judgment in her favor against the defendant, and that he be paid out of the proceeds the sum of $2,500.

The defendant put at issue the demand of the plaintiff, as well as that of the intervener. It denies the negligence alleged against it by plaintiff and intervener, denies liability to them on account of the death of said York, and alleges that said York came to his death as a result of his own negligence. That said York had been warned not to permit the guy wire he was handling to come into contact with defendant's said high voltage wire, but he negligently permitted it to do so. Contributory negligence on the part of the said York was also alternatively urged.

The case was tried before a jury. A verdict was rendered in favor of the defendant and judgment entered up in the lower court in conformity therewith.

The defendant has filed a motion to dismiss the appeal of William Eberhart, intervener, alleging:

1st. That though the said appeal was made returnable on the 28th of February, 1929, the complete transcript of said appeal was not filed in this court until January 29, 1930, at which time the note of evidence was filed in the lower court, and also in this court. The mover further alleges that the transcript does not contain any statement of facts; no special verdict; that no error of law appears on the face of the record; and that appellant has not filed in this court any paper stating any errors alleged by him.

2d. That the failure of the plaintiff to file an appeal bond carries with it the dismissal of the appeal of William Eberhart, intervener. The dismissal of the appeal of William Eberhart is prayed for, and it is prayed in the alternative, and, in case said appeal is not dismissed, that the note of evidence be expunged from the transcript, etc.

The record shows that judgment was signed February 8, 1929. The minutes of the lower court, under date of February 11, 1929, shows the granting of an order of appeal in favor of the plaintiff, in which the appeal was returnable to this court on February 28, 1929. The minutes further show a like order in favor of Eberhart, intervener, under date of February 15, 1929, returnable on February 28, 1929. The record contains an appeal bond filed by Eberhart on February 27, 1929, but none on the part of the plaintiff. As the plaintiff has not filed an appeal bond, the plaintiff cannot be said to be an appellant before the court. It is well settled that an order of appeal is not effective, unless it is followed by an appeal bond, and, until the bond is filed, appellate jurisdiction does not attach nor take effect. Bank of America vs. Fortier, 27 La. Ann. 243; People's Bank vs. Arceneaux, 134 La. 292, 64 So. 116; Hyman vs. Veith, 142 La. 933, 77 So. 854; Lafayette vs. Farr, 162 La. 385, 110 So. 624; Allen vs. Allen, 165 La. 437, 115 So. 648; Succession of Dahm, 166 La. 774, 117 So. 826. The defendant takes the position in its motion that the plaintiff is not before the court, and we find that the position is correct. Such being the case, no judgment can be rendered in favor of the plaintiff and against the defendant on this appeal. The situation in that respect is not reviewable.

As for William Eberhart, intervener, it appears to us that, the plaintiff not having appealed, Eberhart, intervener, cannot, under his pleading, have the judgment of the lower court reviewed in behalf of the plaintiff. The prayer of his intervention is that "there be judgment herein in favor of plaintiff and against the defendant, and that petitioner be paid out of the proceeds of said judgment the full and true sum of $2500.00 with interest, etc., and for all necessary orders and general and equitable relief in the premises." His pleading and the prayer of his petition does not entitle him to any judgment against the defendant in favor of himself, and, as none can be rendered on this appeal in favor of the plaintiff against the defendant, it follows that he, the intervener, even though he filed an appeal bond, has no standing to have the judgment of the lower court reviewed. If he had asserted in his intervention an interest in the suit under which he was entitled to a judgment against defendant on account of the death of said York then he could have prosecuted same on appeal. But not having done so, the appeal bond which he gave cannot bring up and have reviewed on appeal the demand of the plaintiff against the defendant, and unless that could be done, it is futile to consider on appeal his demand against the plaintiff. Walmsley vs. Whitfield, 24 La. Ann. 258; Barron vs. Jacobs, 38 La. Ann. 370; Meyers & Co. vs. Birotte, 41 La. Ann. 745, 6 So. 607; Gorman vs. Gorman, 158 La. 274, 103 So. 766; Erskine vs. Gardiner, 162 La. 84, 110 So. 97; and St. Bernard Trappers' Ass'n vs. Michel, 162 La. 254, 110 So. 341, are authorities applicable to the situation.

Intervener resists the motion to dismiss on the above ground, and contends that the failure of the plaintiff to appeal cannot divest him of his rights. That an intervention being an incidental demand, Code Prac. arts. 153, 389, etc., he has a constitutional right to appeal, Const. 1921, art. 7, sec. 1. The right of an intervener to appeal, where he has an independent interest is conceded.

In Schlieder vs. Martinez (Rexach, Intervener) 38 La. Ann. 847, and McMichael vs. Thomas (Henderson, Intervener) 164 La. 233, 113 So. 828, the right of an intervener to appeal was recognized, even though the plaintiff did not desire or choose to do so. But in these cases the intervener had alleged an independent interest in the controversy, not one as in this case, in which he merely joins the plaintiff in praying that there be judgment in favor of the plaintiff and against the defendant, and in which he prays for no judgment in his own right against the defendant, except that he be paid $2,500 out of the proceeds of the judgment which he prays be rendered in favor of the plaintiff and against the defendant.

The relief prayed for by intervener is entirely dependent, and in fact contingent on the success of the plaintiff. The situation in the present case is therefore not the same as in the cases last cited. Intervener also cites White vs. Fifth Regular Baptist Church, 31 La. Ann. 521; Theus vs. Kemp, 49 La. Ann. 1651, 22 So. 962; and Hardie & Co. vs. Colvin (Tatum, Intervener) 43 La. Ann. 851, 9 So. 745; but they do not appear to be appropriate to the present situation.

We think the motion to dismiss must prevail, for the reasons stated.

The record discloses that the note of testimony is again absent from the record, notwithstanding averments in defendant's motion to dismiss that it has been filed. Its absence is merely noted, not acted on. The further grounds for dismissing the appeal are not considered.