The defendants in this case were cast in the judgment rendered against them and in favor of the plaintiff, for damages in the sum of $125. The judgment was rendered, read and signed by the district judge, in open court, on December 21, 1940. On December 28, 1940, through their attorney, they presented a petition to the district court in which they averred that the judgment rendered against them was contrary to law and to the evidence adduced, that they were aggrieved thereby and desired to appeal therefrom suspensively, to this court. They accordingly prayed for an order granting them a suspensive appeal, fixing the return day thereof as well as the amount of the bond to be furnished by them. Acting on their petition, an order was granted by the Clerk of the district court on the same day, making the appeal returnable on February 20, 1941, upon their furnishing bond, with good and solvent security, in the sum of $200. The order also directed that a copy of the petition and order and citation of the appeal be served on the plaintiff. Service as directed was made by the Sheriff on the plaintiff, in person, on December 31, 1940.
It would seem that the defendants were most meticulous in following the provisions of Article 573 of the Code of Practice and those of Article 575 also in carrying out their intention to ask for and obtain a suspensive appeal to this Court from the judgment which had been rendered against them. Article 581 of the Code of Practice prescribes that before delivering the copy of the petition of appeal to the Sheriff for service, the security, as directed in the order of appeal, shall have been given, and then service shall be made on the appellee according to the provisions of Article 582.
We find a letter in the record addressed to the Clerk of Court by counsel for plaintiff, dated December 28, 1940, the same day on which the order of appeal was granted, in which it is stated that due to the serious illness of the district judge, he had agreed with counsel for defendants to a delay "for the filing of a suspension of appeal", which we take to mean was for a delay in filing the appeal bond. It may be that the letter was intended to dispense with the essential requirement of the bond before service and citation of the appeal, but certainly it could not have been, and was not, intended to dispense with the giving of the bond itself as it only provides for a delay in furnishing one. No time limit is fixed for the delay, but even so it was absolutely necessary that a bond be given in order to perfect the appeal. A most careful and diligent search of the record fails to disclose the filing, at any time, of any such bond. *West Page 102 
In Vacuum Oil Co. v. Cockrell, 177 La. 623, 148 So. 898, it was held that the furnishing of the bond was a prerequisite to the issuance of citation of appeal and the Court further stated: "Whether the appeal be by petition or by motion until the bond isfurnished there is no appeal." (Italics ours.) In York v. Baton Rouge Electric Company, 13 La.App. 329, 127 So. 431, 432 this Court stated: "It is well settled that an order of appeal is not effective, unless it is followed by an appeal bond, and, until the bond is filed, appellate jurisdiction does not attach nor take effect." Several cases are cited as authority.
We deem it proper to state that there has been no motion to dismiss the appeal filed in this case, but as was said by the Court in the case of Gagneaux v. Desonier, 104 La. 648, 29 So. 282, in considering the question of the dismissal of an appeal for lack of an order of appeal, we are of the opinion that the absence of an appeal bond, the order fixing which is also a jurisdictional fact, is likewise a matter which should be noticed ex officio by the appellate court, and acted on ex proprio motu.
For the reasons stated, it is ordered that the present appeal be and the same is hereby dismissed at the costs of the defendants herein.