In this suit plaintiff seeks to recover judgment against the defendant as the beneficiary under a life insurance policy. The policy was for the sum of $87.50, but as there was an increase in a sum equal to two per cent of the amount shown on the face for each full year the policy was maintained continuously in force, and as there is no question that it was maintained for a sufficient number of years to increase the value to the sum of $108.50, that is the amount of the demand made by the plaintiff which is not disputed provided she is able to show that the policy was in force at the time of the death of the insured.
The plaintiff, Mary Shepart, is the sister of the insured, Parish Gray, who died in the Parish of Jefferson on August 12, 1940. The allegations of the petition are that the insured had been given a premium receipt book but that the same had been misplaced in some manner and was lost at the time of his death. For that reason, plaintiff avers that she does not know the exact date on which the last premium payment was made. From information and belief however, she alleges that the premiums were paid through the year 1933 and were sufficient to carry the extended insurance as provided for by Act No. 193 of 1906, up to the date of the death of the insured.
The defendant first filed an exception or plea of prematurity which was overruled by the lower court, and under reservation of the same it then filed its answer in which it denies any liability under the policy. Whilst it is not specifically so averred in the answer, the reason for the denial is that the nonforfeiture value of the policy as provided for in the statute, Act 193 of 1906, was insufficient from the date that premium payments lapsed to the date of the death of the insured, in order to continue the policy in force.
There was judgment in the lower court, after trial, in favor of the defendant and against the plaintiff, dismissing her suit. Plaintiff then asked for a new trial and on certain representations which apparently had been made by her counsel, the trial judge withheld his ruling and gave plaintiff twenty days in which to produce certain new evidence in the form of an affidavit. At the expiration of the twenty *Page 401 
days, the new evidence not having been supplied, a new trial was refused and the judgment which had been previously rendered was signed. Plaintiff then submitted a motion for appeal. The document filed by her and which bears the signature of the district judge is made the subject of a motion to dismiss the appeal, which is one of the matters presently before this court.
The document just referred to is styled, "Motion and Order of Appeal" and whilst it appears to be drawn and signed by her counsel in the regular form of a motion for appeal, and the return day, the amount of the bond, and the day on which it is signed by him, are apparently all in the handwriting of the district judge, it is noted that nowhere does it contain a statement to the effect that the appeal has been ordered. Counsel for the defendant insist that this is not the order of appeal which is required by law as essential to the existence of the appeal itself. Certain authorities are cited by them in support of the motion, but in none of them does it appear that the trial judge took any action whatever or was even made aware that a motion for appeal had been prepared. In the case before us, it strikes us that the clear intention of the district judge in filling out the blank spaces himself in the document presented to him, and in signing it, was to give the plaintiff her appeal and that, in effect, it constituted an order of appeal.
There is another and a controlling reason, however, why the appeal cannot be entertained at this time and why it will have to be dismissed ex proprio motu. Although in the document which we have construed as an order for the appeal, the amount of the bond to be furnished is therein fixed at the sum of Ten Dollars, a careful search of the record fails to reveal that any such bond, or any bond whatever, for that matter, was furnished. It is the duty of the appellate court, no less than that of the litigants, to inquire into the validity of the appeal in any case, to the end that the judgment finally rendered by it may be one rendered by a court vested with proper jurisdiction. That is why the court must, on its own motion, dismiss the appeal when, upon examination of the record, it finds some essential requirement on which the appeal is based, lacking. The appeal bond, of course, is one of such requirements. See Campbell v. F. Hollier Sons, La.App., 4 So.2d 101. It may be like in that case, the appellant herein deposited cash in lieu of the bond, but even so, proof of that fact in the form of a certificate of the Clerk of Court should have been put in the record. Under the situation as it is now presented we have no other alternative but to dismiss the appeal.
For the reasons stated, it is now ordered that the present appeal be and the same is hereby dismissed at the costs of the plaintiff, appellant herein.