This case was heretofore before this court and the absence of an appeal bond having been noted, the appeal was dismissed ex proprio motu. 10 So.2d 400. In the opinion handed down it was intimated that the appellant might have deposited cash in lieu of furnishing the appeal bond, but as was also stated, proof of that fact in the form of a certificate of the clerk of the court a qua should have been put in the record.
After the appeal was dismissed counsel for the appellant filed a motion in this court, the effect of which would have been to have the transcript of appeal completed by ordering the clerk of the district court to show that cash had been deposited with him in lieu of a formal bond. The filing of that motion was followed by certain correspondence between counsel and the clerk of the district court, all of which has been filed in the record and from which it appears that an amount in cash was deposited by counsel for appellant with the clerk to stand in lieu of an appeal bond and that through some inadvertence or misunderstanding, the clerk used a portion of that amount for the payment of the costs of preparing and transmitting the transcript of appeal to this court and remitted the surplus to counsel. As we are satisfied that the proper amount had been deposited to stand in place of the bond and that the situation which presently exists was the result of some misunderstanding between the parties, we have decided to reinstate the appeal and will proceed to consider the case on the merits.
It is therefore ordered that the appeal be now reinstated on the docket of this court.
A complete statement of the case is found in the opinion handed down by us in which the appeal was dismissed, and as appears therein, the suit is one to recover the proceeds of a certain life insurance policy issued by the defendant in favor of *Page 74 
one Parish Gray, deceased. The plaintiff herein, Mary Shepart, was his sister and is the beneficiary under the policy. As further appears, the defense relied upon on the merits is that the nonforfeiture value of the policy as provided for in Act No. 193 of 1906 was insufficient from the day the premium payments lapsed to the date of the death of the insured in order to continue the policy in force.
The trial judge submitted written reasons for the judgment which he rendered in favor of the defendant and in which he expressed himself rather strongly regarding the testimony of the plaintiff's only witness and after carefully considering the case on the merits we find ourselves unable to point out any manifest error which would warrant a reversal.
Plaintiff's witness was a negro woman by the name of Carrie James who lived in Gretna in the Parish of Jefferson, and who is also said to have been the sister of Parish Gray, the insured under the policy. By this witness plaintiff attempted to prove the payment of a premium on the policy as late as the year 1933, which, it is not disputed, had it been made at that time, would have been sufficient to carry the policy in force up to the date of the death of the insured. This witness says that she had paid the policy premiums until the year 1931, at which time her brother, the insured, married and thereafter his wife paid them. Her testimony is to the effect that in 1933 her brother was sick and one day when she was at his home the insurance company's agent came to pay him a sick benefit which was due under the policy. Payment was made in the sum of $7 and, in an unguarded moment, she says that the agent marked the payment on the policy and he marked it on the claim on the day it was made.
It is noted that on the policy itself there is a notation as follows: "12/4/28 — 7.00". Counsel for the defendant naturally contend that that is the payment Carrie James referred to, if she knew what she was talking about. Realizing no doubt the dilemma she was in, she then tried to get around her testimony by saying that the payment had not been marked on the policy but that it had been marked on the claim only. The district judge stated in his reasons for judgment that he did not believe her testimony and he did not give it any probative value whatever.
The district judge moreover pointed out that although plaintiff alleged in her petition that the insured had a premium receipt book which had become lost, she offered no proof whatsoever concerning any such book nor as to the alleged fact that it had ever been lost.
The plaintiff's principal argument on the appeal seems to be devoted to an attack on the failure of the insurance company to have kept any records to which it could refer to bear out the facts relating to this policy of insurance. The manager of the insurance company, William E. Groves, testified that there were records available in their office and whatever they showed was that from January 1, 1929, to the date the case was tried no premiums had been paid on the policy that was being sued on. There were no records previous to January 1, 1929, as he says that they had been destroyed, and since it is admitted by counsel for plaintiff that payment of premiums prior to 1932 would not have been sufficient to maintain the policy in force under the extended insurance law, we do not know on which ground plaintiff can complain of the absence of any records prior to that time.
It strikes us that the district judge was entirely fair to the plaintiff in this case when after considering the motion for a new trial he gave her an added opportunity to present further proof within twenty days in order to support her contention. She failed to avail herself thereof and the only inference is that she could produce no such proof.
The case having been correctly decided below, the judgment appealed from is therefore affirmed. *Page 75