PER CURIAM.
The defendants, who were cast solidarily in a moneyed judgment, were separately granted suspensive appeals. It appearing that Gerald Adam failed to file an appeal bond, appellees move to dismiss his appeal for that reason. The appeal must be dismissed. An appeal is not effective unless it is followed by an appeal! bond, and until the bond is filed appellate-jurisdiction does not attach nor take effect. Vacuum Oil Co. v. Cockrell, 177 La. 623, 148 So. 898; York v. Baton Rouge Electric Co., 13 La.App, 329, 127 So. 431. Where an appeal is void for the lack of a bond, it is the duty of the appellate court to notice, even ex officio, lack of jurisdiction and to dismiss the appeal. Durrett Hdw. & Furn. Co. v. Howze, La.App., 174 So. 205; Shepart v. Unity Industrial Life Ins. Co., La.App., 10 So.2d 400.
The failure of Gerald Adam to perfect his appeal did not affect the appeal taken by the other defendant, Louis J. Adam, and the motion to dismiss the latter’s appeal must be denied.
It is ordered, adjudged, and decreed that the motion, insofar as it is directed at the appeal of Gerald Adam, be and the same is hereby granted, and the appeal of Gerald Adam is dismissed; the motion to dismiss the appeal of Louis J. Adam is denied.
Motion granted in part and denied in part.